SAIMAN SIRK *vs.* WILLIAM H. EMERY & another.

Middlesex.    March 5, 6, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Contract*, Performance and breach.    *Witness.*    *Evidence*, Of value of land.

In an action for a failure to deliver a deed of real estate purchased by the plaintiff at auction, it appeared, that by the agreement of sale the plaintiff, who had made a deposit, was bound to call at the office of the auctioneer within thirty days of the sale and be prepared then and there to take the deed and pay the balance of the purchase money, that three days after the sale the plaintiff requested the auctioneer to have the deed ready for him, and said that he would call for it in a few days, that five days later, after giving notice by telephone, the plaintiff with his attorney and two clerks came to the auctioneer's office and the attorney demanded the delivery of the deed to the plaintiff, saying "and here is your money." The auctioneer was not present and a clerk replied that the deed was not ready. The jury were instructed that the plaintiff must satisfy them that at the time of his demand he had with him a sufficient amount of money for the deed. The jury found for the plaintiff in a substantial amount. *Held*, that the question of the plaintiff's readiness to perform was a question of fact for the jury and was submitted to them properly.

In accordance with the well settled practice of this Commonwealth, evidence may be introduced to contradict the testimony of a witness of the adverse party as to a conversation without having called the attention of the first witness to the conversation.

In order to show the value of certain land evidence of a sale of other land may be admitted but not of the value or the assessed valuation of the other land.

CONTRACT, by the highest bidder at an auction sale of certain real estate in Lowell known as the Merrimack House property,

for the defendants' failure to deliver a deed of the property. Writ dated September 25, 1901.

At the trial in the Superior Court *Aiken*, J. refused to give the instructions requested by the defendants. The jury returned a verdict for the plaintiff in the sum of $12,000 ; and the defendants alleged exceptions.

*F. N. Wier*, (*G. R. Richardson* with him,) for the defendants.

*F. E. Dunbar*, for the plaintiff.

HAMMOND, J. The fair interpretation of the agreement is that the purchaser must call at the office of Conant the auctioneer for the deed within thirty days of the sale, and at the time of the call must be prepared then and there to take it and pay for it.

There was no doubt that the plaintiff called for the deed at the place and within the time named in the agreement, but the defendants contended that he was not then ready to pay the purchase money, and at the close of the case they asked for a ruling that there was not sufficient evidence to warrant a finding that at the time of the demand "the plaintiff was prepared to pay the balance of the purchase money, or to pay any sum whatsoever that he might have been called upon to pay at that time."

The judge refused to rule as requested, and submitted to the jury the question of the readiness of the plaintiff to pay for the deed at the time of the demand.

We think that this question was properly submitted to the jury. To begin with, there is nothing in the bill of exceptions which would create a suspicion that the plaintiff was acting in any other than good faith from the beginning. He was persistent in his bidding, and when finally his bids were accepted he was anxious that the time within which the $13,500 note was to be paid should be ten days instead of three, so that he could meet it. Within two or three days of the sale Mr. Spaulding, an attorney hired by him to examine the title, appeared at the auctioneer's office to procure the old deeds which he wanted for use in that work, and asked Conant some questions with reference to the title. The plaintiff testified that on Friday, three days after the sale, he met the auctioneer at the railroad station and had a conversation with him, in which he requested

that the deed be immediately prepared and written with the name of the plaintiff as grantee, that he would call at the auctioneer's office for it in a few days, and that the auctioneer said he would go at once and instruct the defendant's attorney to prepare the deed in accordance with the request. There was evidence that a few moments before the plaintiff with his attorney appeared at the office and demanded the deed, the plaintiff's counsel telephoned ahead that he and the plaintiff would call at the office within a few moments to take the deed. The plaintiff further testified that on the eighteenth day of September, the eighth day after the sale, after this notice from his attorney had been given, he with the attorney and two of his clerks went to the office of the auctioneer, and that the attorney said to a clerk, " I have come down, and Mr. Sirk has come here to get a deed of the property and here is your money; we want the deed." The reply of the clerk in substance was that the deed was not ready, and the attorney then said that he had been telephoning to them all day to get the deed ready, and that he was coming to take the property. The plaintiff, upon being informed by the clerk that the auctioneer was " away somewhere," said to the clerk that he had notified the auctioneer, and the plaintiff also expressed his surprise that the deed was not ready. It is also evident from the verdict that the bargain would have been a profitable one for the plaintiff. The plaintiff further testified that he never had received any deed from the defendants, and that " they would not answer at all." From the first to the last the conduct of the plaintiff was that of a man who thought he had made a profitable bargain and was intending to carry it through and reap the profits. He knew that he could not have the deed until he paid for it. The evidence, as it appears before us, would warrant a jury in coming to the conclusion that he was fearful that there might be hesitation on the part of the defendants in delivering it to him, and that it would be well for him to take every legal step necessary on his part to hold the defendants to the contract.

With his attorney and two clerks he appeared at the proper time and place, and the attorney asked for the deed, adding the expressive language " and here is your money." The language would seem to indicate some accompanying gesture or move-

ment in the way of an exhibition or tender of the money; but whether there was such a movement or not, the jury may have properly come to the conclusion that even if there was no exhibition of the money, yet the most reasonable explanation of the conduct of the plaintiff under the circumstances was that he was actually ready to transact the business for which he came, which was to pay the money and take the deed, rather than that he was engaged in an elaborate attempt to put the defendants in default by a pretended readiness on his part. The jury were instructed that the plaintiff must satisfy the jury that at the time of the demand he had with him a sufficient amount of money to pay for the deed. The question of his readiness was a question of fact for the jury, and was submitted to them under proper instructions. The instructions covered sufficiently also the subject matter of the first special request for a ruling.

The evidence of Spaulding was properly admitted. Whatever may be the rule elsewhere, it is the well settled practice in this State to introduce evidence to contradict the testimony of a witness called by the adverse party as to a conversation, without first calling the attention of the first witness to the conversation.

The question put to an expert witness with reference to the Coburn lot was properly excluded. The Coburn lot was not the one the value of which was to be fixed by the jury, and therefore although the sale was admissible to throw light upon the value of the lot in controversy, still the opinion of the witness as to its value or its assessed valuation was not admissible. *Shattuck* v. *Stoneham Branch Railroad*, 6 Allen, 115. *Thompson* v. *Boston*, 148 Mass. 387.

The other exceptions taken by the defendants are waived.

*Exceptions overruled.*