## MARTIN ANDREWS

*v.*

## JULIAN S. RUMSEY *et al.*

1. APPEAL — *right of, must be exercised under conditions imposed by law.* While the right of appeal from the judgments of county courts is conferred by the constitution, it can only be exercised under such conditions as may be imposed by the legislature.

2. SAME — *deposit of money on appeal from judgment for taxes.* The law requiring a party appealing from the judgment of the county court against his lands for taxes, to deposit a sum equal to the amount of the judgment and costs, is not unconstitutional.

3. INJUNCTION — *of sale of land for taxes until right of appeal is settled.* Where a party attempted to appeal from a judgment of the county court for the sale of his land for taxes, but which was not allowed for the reason that he refused to deposit the amount of the judgment, as required by statute, and he filed his petition in this court for a mandamus to compel the allowance of his appeal, it was *held* that a court of equity would not entertain a bill to enjoin the sale of his land until the right of appeal could be decided by this court.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Mr. WILLIAM HOPKINS, and Mr. JOHN P. WILSON, for the appellant.

Mr. FRANCIS ADAMS, and Mr. T. LYLE DICKEY, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill for injunction, alleging, in substance, that at the September term, 1873, of the county court of Cook county, a judgment was rendered against certain property of the appellant for taxes levied thereon by the city of Chicago; that an appeal was prayed from the judgment, and an appeal bond, in conformity to law, presented and approved by the court; that the appeal was denied, because the appellant refused to deposit the amount of the judgment with the county treasurer; that a petition setting forth these facts was filed in this court, praying for a mandamus to the county court to grant the appeal; that such petition was still pending; that the county treasurer was about to sell and would sell before the petition could be heard and determined in this court, unless such sale should be stayed by injunction. The prayer was for an injunction restraining the treasurer from selling until the application for *mandamus*

should be decided. These facts were substantially admitted by the answer, upon filing which, the court below, on motion being made for that purpose, dissolved the injunction and dismissed the bill.

It is insisted that appellant was entitled to an appeal from the judgment below, without depositing with the county treasurer an amount of money equal to the judgment and costs.

This question was decided in *People ex rel.* v. *Wallace*, at the present term. We there refused to award the *mandamus* prayed for, and held the law requiring the appellant to deposit a sum equal to the amount of the judgment and costs appealed from, before being allowed to appeal, was not in contravention of any provision of our constitution. While the right of appeal from the final determination of county courts is conferred by the constitution, yet it can only be exercised under such conditions as may be imposed by the legislature. The language, " Appeals and writs of error shall be allowed from the final determination of county courts, as may be provided by law " (sec. 19, art. 6, Const.), is too plain to admit of doubt that it is purely a question for the legislature to determine how and upon what terms such appeals shall be granted.

But it is insisted the injunction ought to have been continued until this question was settled on the petition for *mandamus;* and in support of this, authorities are referred to where ministerial officers have been enjoined from acting until the legality of the proposed act could be inquired into at law. Those cases proceed upon the hypothesis that the injunction is necessary to prevent irreparable injury, but there is, in the bill before us, no allegation from which we can reasonably conclude this injunction was necessary for that purpose.

In *C. B. & Q. R. R. Co.* v. *Frary et al.* 22 Ill. 36, which was a bill for injunction to restrain the collection of a tax, it was said : " Where the law affords an adequate remedy, this writ cannot be used, and especially where greater mischief will flow than good will result from it, the court will always withhold this

species of relief. Equity cannot attempt to prevent, any more than it will redress, all wrongs. It is not in ordinary but in extraordinary cases that this writ is properly invoked. If the law can redress the wrong, if it can repair the injury, equity must suffer it, and let the courts of law redress it. This is the general rule, to which there are no doubt exceptions, and exceptions too in cases of the collection of taxes. Those exceptions are confined almost, if not entirely, to cases where the tax itself is not authorized by law, or, if the tax itself is authorized, it is assessed upon property which is not subject to the tax." And again, in *Munson* v. *Minor*, in the same volume, at page 601, it was said: "Upon a careful examination of all the elementary treatises on equity jurisprudence, as well as the adjudged cases to which we have had access, we do not find that a court of equity has assumed jurisdiction to enjoin a tax for mere errors in its assessment or the collector's warrant, in case it was levied by officers *de facto*, when authority to levy such a tax was incident to their office." And again, in *Cook County* v. *C. B. & Q. R. R.*, 35 Ill. 466, this language was used: "While we consider it settled that a court of equity will never entertain a bill to restrain the collection of a tax, excepting in cases where the tax is unauthorized by law, or where it is assessed upon property not subject to taxation, this court has never held that it would take jurisdiction in such excepted cases without special circumstances showing that the collection of the tax would be likely to produce irreparable injury or cause a multiplicity of suits." See, also, *Du Page County* v. *Jenks*, 65 Ill. 278.

Appellant, by voluntarily waiving his privilege to appeal, took his chances of being able to defeat any title that might be acquired under the judgment obtained in the county court, and he has no sufficient cause for resorting to a court of equity. We consider that his remedy at law is complete and adequate.

The decree of the court below is affirmed.

*Decree affirmed.*