THE CITY OF EAST ST. LOUIS

*v.*

JOSEPH WITTICH *et al.*

*Filed at Mt. Vernon January 22, 1884.*

1. SPECIAL ASSESSMENT—*jurisdiction at probate term of county court.* The county court, at a probate term, has no jurisdiction of a proceeding to assess the cost of improving a street, under the statute relating to cities and villages.

2. This question is not affected by the fact that judgments may be rendered for the sale of real estate for delinquent taxes and special assessments at probate terms, as a proceeding to assess the cost of a public improvement is preliminary to an application for judgment for a special assessment, and an initial step to fix the liability of the property holder.

WRIT OF ERROR to the County Court of St. Clair county; the Hon. FREDERICK H. PIEPER, Judge, presiding.

Mr. M. MILLARD, for the plaintiff in error.

Mr. R. A. HALBERT, for the Wiggins Ferry Company, and the St. Louis, Alton and Terre Haute Railroad Company.

Mr. GARLAND POLLARD, for the Ohio and Mississippi Railway Company, and the Cairo and St. Louis Railway Company.

Messrs. G. & G. A. KOERNER, for the St. Louis Bridge Company, and the Chicago and Alton Railroad Company.

Mr. JOHN B. BOWMAN, Mr. FRANK B. BOWMAN, and Mr. JAMES M. HAMILL, for others of the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding at a probate term of the county court of St. Clair county, to assess the cost of improvement of a certain street in the city of East St. Louis, under the provisions of the statute relating to "cities, villages and towns." (Rev. Stat. 1874, chap. 24.) The petition was, on motion, dismissed for the want of jurisdiction in the court, and this ruling presents the only question that we deem it necessary to examine.

Section 31, article 9, of the statute referred to, provides that in such proceedings "the hearing shall be conducted as in other cases at law,"—*i. e.*, plainly, by implication, as the hearing in other cases at law is conducted in that court. And section 32 of the same article requires that "the hearing in all cases arising under this act shall have precedence over all other cases in such court, except criminal cases." There is no jurisdiction in cases at law, nor in criminal cases, at probate terms. Such cases are set for trial and can only be heard at law terms. (Rev. Stat. 1874, secs. 6, 7, chap. 37.) The fact that judgments may be rendered for the sale of real estate for delinquent taxes and special assessments at probate terms, as provided by section 5 of the last named chapter, does not affect the question. This is not that kind of case, nor is the question to be tried nor the mode of trial the same. This proceeding is preliminary to that, and one of the initial steps to fix the liability of the property holder.

We see no cause to disturb the judgment below. It is therefore affirmed.

*Judgment affirmed.*