## THE CITY OF MT. CARMEL

*v.*

## NICHOLAS FRIEDRICH *et al.*

*Filed at Mt. Vernon May 9, 1892.*

1. SPECIAL ASSESSMENT—*confirmation of commissioners' report when no objections are filed.* Where no objections are filed to the report of the commissioners appointed to assess a special tax, or where no evidence is admitted in support of the objections thereto, a confirmation would seem to follow as a matter of course.

2. COUNTY COURT—*probate term—jurisdiction to confirm special assessment.* The county court has no jurisdiction, at a probate term, to confirm an assessment of a special tax for a local improvement by a city or village. Therefore, an order of said court at a probate term, either affirming or setting aside such an assessment, is void, and will be reversed.

3. COSTS—*when taxed to appellant on judgment of reversal.* Where a city seeks for a confirmation of a special assessment, or of a special tax, at an unauthorized term of the county court, and that court sets aside the report of the commissioners at such unauthorized term, this court, on reversal of the order of the county court, will require the city to pay the costs of the appeal taken by it.

APPEAL from the County Court of Wabash county; the Hon. S. C. WIDGETT, Judge, presiding.

24—141 ILL.

Mr. M. F. Hoskinson, for the appellant:

The constitution of the State of Illinois provides that the General Assembly may vest the corporate authorities of cities towns and villages with power to make local improvements by special taxation of contiguous property, or otherwise. (Art. 2, sec. 9.) The legislature of the State has vested the corporate authorities of cities and villages with power to make local improvements by special assessment or by special taxation, or both, of contiguous property, or general taxation, or otherwise, as they shall by ordinance prescribe. Rev. Stat. of 1889, p. 261, secs. 116, 117.

The object of the legislature was to provide two modes of making local improvements,—one by special assessment and the other by special taxation of contiguous property; and the corporate authorities of the city or village may determine, by ordinance, which mode shall be adopted. *Enos* v. *Springfield,* 113 Ill. 65; *Galesburg* v. *Searles,* 114 id. 217.

The city of Mt. Carmel, in making an ordinance for the improvement of à part of one of its streets, chose to make the same and require a part of the cost of such improvement to be paid by special taxation of contiguous property,—one of the modes provided by the legislature for making local improvements.

Special taxation, as spoken of in the constitution, is based upon the supposed benefit to the contiguous property, and in special taxation the imposition of the tax is, of itself, a determination that the benefits to the contiguous property will be as great as the burden imposed. *Enos* v. *Springfield,* 113 Ill. 65; *Galesburg* v. *Searles,* 114 id. 217.

The report of the commissioners filed in the court below was *prima facie* evidence that it was right. *Fagan* v. *Chicago,* 84 Ill. 227.

This case is in all its features identical with *Galesburg* v. *Searles,* 114 Ill. 217, and must be decided in the same way.

Mr. M. H. Mundy, for the appellees:

The bill of exceptions shows appellees offered to prove that the commissioners did not assess the property in proportion to the benefits accruing to the respective parcels thereof, as provided by law,— to the introduction of which petitioner objected and induced the court to sustain the objection, and appellees excepted, and have assigned a cross-error. Why are appellees notified to appear in court, if not allowed to controvert the report of the commissioners? They have the right to be heard. *Enos* v. *Springfield*, 113 Ill. 65.

The August term of the county court of Wabash county is not a law term. The law terms are in January and July of each year, as shown by the certificate of the clerk to the record herein. (See, also, Sess. Laws of 1887, p. 165.) And only at a law term has the county court jurisdiction to confirm the report of the commissioners. *East St. Louis* v. *Wittich*, 108 Ill. 449, and *Murphy* v. *Peoria*, 119 id. 509, are authorities conclusive on this question.

The proceedings in the county court at the August term were therefore without authority of law.

Mr. Justice Wilkin delivered the opinion of the Court:

This was an attempt on the part of the city of Mt. Carmel to have the county court of Wabash county, at a probate term, confirm a special tax levied for the purpose of paying for the improvement of a street.· Appellees, a part of the owners whose property had been assessed, appeared, and, without questioning the jurisdiction of the court, filed their objections to the report of the commissioners, the substance of which was, that the "assessment was not made against the property therein described in proportion to the benefits accruing to the same, as provided by the ordinance." The bill of exceptions shows that the city introduced no evidence except the report of the commissioners. Appellees offered evidence to support.

their objections, but it was, on objection of the city, ruled out. Thereupon the court made an order setting aside the report of the commissioners, and the city appeals.

It would be difficult to get more irregularity and confusion in a small record than appears in this one. We have not examined the ordinance and proceedings thereunder prior to the report of the commissioners, to see whether or not, at a law term of the court, and on proper objections, the special tax levied could be sustained. That question is not presented. The court having assumed jurisdiction of the case, it is impossible to discover from this record upon what ground it refused to confirm the assessment,—at least as to those property holders who filed no objections. As to them it had nothing to do but confirm the assessment reported by the commissioners. (1 Starr & Curtis' Stat. chap. 24, sec. 30, pars. 146, 498.) As to those filing objections, all the evidence offered by them having been excluded, a confirmation of the report as to them, also, would seem to follow as a matter of course. At least nothing is here shown to the contrary.

There is, however, an insuperable barrier to any judgment in this court based on the rulings of the county court, in the fact that it had no jurisdiction, at a probate term, to make any order whatever affirming or setting aside the assessment. It was decided in *East St. Louis* v. *Wittich,* 108 Ill. 449, that a county court had no jurisdiction, at a probate term, to assess the cost of a local improvement, under the statute relating to cities and villages. The reasoning there applies to cases of special taxation as well as of special assessments. Section 17, chapter 24, of the Revised Statutes, (Starr & Curtis, par. 133, p. 491,) provides that special taxation shall be assessed and collected in the way provided for assessing and collecting special assessments. In either case the assessment must be confirmed by the court in a proceeding "conducted as in other cases at law." The manner in which the hearing is to be had does not depend in any way upon whether

a jury may be called. No good reason can be shown for holding there is jurisdiction in the one case and not in the other.

The county court being without jurisdiction at a probate term, its order setting aside the report of the commissioners was void. It will therefore be reversed, but as it was entered at the instance of appellant it must pay the costs of this appeal, and if it desires to proceed further in said assessment it must file its petition to a law term of said county court.

*Order reversed.*