WILLIAM P. CALLON

*v.*

THE CITY OF JACKSONVILLE.

*Filed at Springfield October 27, 1893.*

1. COUNTY COURT—*jurisdiction at probate and law terms.* The county court, when holding law terms and when holding probate terms, is the same court. When holding a law term it is vested with jurisdiction over matters pending before it which it can not exercise when sitting as a court of probate, and when sitting as a court of law it has authority to dispose of all matters pending before it which come within its proper cognizance as a court vested with common law jurisdiction.

8—147 ILL.

2. It requires no order transferring to the county court, at a law term, matters already pending in the court on the probate docket. Such matters are already before the court at its law terms, if they constitute matters which come within its jurisdiction at a law term.

3. MUNICIPAL CORPORATIONS—*power to extend sewer beyond the city limits.* A municipal corporation has authority to extend a sewer beyond the corporate limits for the purpose of obtaining a proper outlet, and for that purpose it may acquire, by purchase or otherwise, the land upon which to construct the sewer to its outlet.

4. SPECIAL TAXATION—*at what term confirmation may be had.* Where commissioners are appointed by the county court, at a probate term, to assess a special tax, application for confirmation of the tax levied may be disposed of at a common law term, without any order transferring the case from the probate to the law term of the county court.

5. SAME—*ordinance—sufficiency.* Since the amendment of section 19 of article 9 of chapter 24, relating to cities and villages, it is sufficient if the nature, character, locality and description of the improvement required appear, either by setting forth the same in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications thereof on file in the office of the proper clerk, or both.

6. An ordinance for a sewer required that $3700 of the cost of constructing the portion in the limits of the city should be paid by general taxation. It also required that the part of the sewer laid in the intersections of streets should be paid for by general taxation, and that the remainder of the cost should be paid by special taxation of contiguous property. The committee appointed to estimate the cost of the improvement reported that the total cost would be $8000, the portion to be paid by general taxation being $5100 and the portion to be paid by special taxation being $2900, which they levied on the lots: *Held,* that the cost of the sewer at street intersections was included in the $3700 to be paid by the city, and was not required to be estimated separately.

WRIT OF ERROR to the County Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding.

Mr. W. P. CALLON, for the plaintiff in error:

The probate court had no jurisdiction to hear and determine this cause. *East St. Louis* v. *Wittich,* 108 Ill. 449.

The original ordinance providing for the improvement was insufficient. It wholly failed to "specify the nature, character and description of the improvement," as required by law. *Sterling* v. *Galt,* 117 Ill. 11; *Kankakee* v. *Potter,* 119 id. 324; *Ogden* v. *Lake View,* 121 id. 422.

The committee failed to estimate the cost of the sewer at street intersections.

The ordinance provides for the purchase of land outside of the city limits.

Mr. FRED H. ROWE, for the defendant in error:

The decisions cited by plaintiff in error are fully reviewed in *Springfield* v. *Mathus*, 124 Ill. 89.

Since the amendment of 1887, the nature, etc., of the improvement may be sufficiently shown, either by maps and specifications on file in the office of the city clerk, or in the ordinance itself.    *Railroad Co.* v. *East St. Louis*, 134 Ill. 656.

The cost of the sewer at the street intersections is included in the sum required to be paid by the city.

Land for an outlet to a sewer may be purchased outside of the city.    *Shreve* v. *Town of Cicero*, 129 Ill. 226.

This case was heard at a law term of the court.    No order was necessary to transfer the case to the law term.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

The writ of error in this case brings up for review a judgment of the County Court of Morgan county, confirming a supplemental special tax, upon property of the plaintiff in error, to defray the expense of constructing a sewer in one of the streets of the city of Jacksonville.   The original ordinance providing for the construction of the sewer was passed by the city council August 7, 1890.   It ordered that a sewer of certain dimensions be constructed along the center of North Main street, from the north line of North street to Mauvaisterre Creek, it being provided in the ordinance that the sewer should be constructed according to plans and specifications prepared by the city civil engineer, and filed in the office of the city clerk.

The proposed sewer, as it seems, was to run beyond the city limits in order to obtain an outlet into Mauvaisterre Creek, and it was provided by section 2 of the ordinance, that the

cost, not exceeding $800, of constructing that portion of the sewer outside of the city limits, the cost, not exceeding $600, of purchasing land for an outlet, and $3700 of the cost of constructing the portion of the sewer within the corporate limits of the city, should be paid for by general taxation. By section 3, it was provided that the portion of the sewer which should be laid in the intersections of streets should be paid for by the city by general taxation, and by subsequent portions of the ordinance, that the remainder of the cost of the improvement should be paid for by special taxation upon contiguous property. The special committee appointed by the ordinance to estimate the cost of the improvement reported that the total cost would be $8000, the portion to be paid by general taxation being $5100, and the portion to be paid by special taxation being $2900.

The petition by the city to have the cost of the improvement assessed as provided by law was presented to the County Court of Morgan county at its probate term, commencing on the first Monday of September, 1890, and the court, at that term, appointed commissioners to make the assessment, who reported their assessment roll, in which a special tax of $87.10 appeared to be assessed against the property of the plaintiff in error. In the same order by which the commissioners were appointed, it was ordered that the cause be transferred to the common law docket of the September term, 1890, of the court. The September law term of the court as provided by statute commences on the third Monday of September, and at that term an order was duly entered confirming the assessment by default, neither the plaintiff in error nor any other property owner appearing or interposing any objection thereto.

The special tax against the property of the plaintiff in error, and also the tax against one other property owner having been returned delinquent, an application for judgment against such delinquent lands was denied, upon the ground, as it appears, that the description of the lands in the assessment roll was

not sufficiently certain and accurate. The city thereupon passed an ordinance reciting the former proceedings, and ordered a supplemental assessment of the special tax to be made against such delinquent lands, and a petition for such assessment was presented to the County Court at its probate term commencing the first Monday of September, 1891. Commissioners were appointed at that term, who returned their assessment roll assessing upon the delinquent lands, by a correct description, the same special tax as in the former assessment. No order appears to have been made expressly transferring the cause to the common law docket, but after the September common law term had commenced, the matter confirming the supplemental assessment was brought before the court, sitting as a court of law, and an order was entered confirming the assessment by default. To reverse that order, so far as it applies to his lands, the plaintiff in error has brought the present writ.

The first point made is, that no order having been made expressly transferring the cause in relation to the supplemental assessment to the common law docket, the County Court, sitting as a court of law, had no power over it, and that its order of confirmation was therefore without jurisdiction and void. In this view we are not prepared to concur. The County Court, when holding law terms and when holding probate terms, is the same court, and does not constitute two distinct tribunals. True, when holding a law term, it is vested with power and jurisdiction over matters pending before it which it can not exercise when sitting as a court of probate. And when sitting as a court of law, it has authority to hear and dispose of all matters pending before the court which come within its proper cognizance as a court vested with common law jurisdiction. But it requires no order transferring to it matters already pending in court. They are already before it, and if they constitute matters which properly come within its jurisdiction at a law term, they are, by virtue of the mere

fact that they are pending in the court, subject to be disposed of at such term.

In *City of East St. Louis* v. *Wittich*, 108 Ill. 449, it was held that, inasmuch as it is expressly provided by statute that in proceedings for the confirmation of assessments, "the hearing shall be conducted as in other cases at law," the application can be heard only at a law term, as only at such terms can cases at law be heard. But in *Murphy* v. *City of Peoria*, 119 Ill. 509, it was held that, under the statute, the County Court might appoint the commissioners at a probate term, although the final hearing of the application has to be had at a law term. When the law term convened, the application for confirmation in this case was pending in court, and subject to disposition at that term, and it required no order transferring the proceeding from the probate to the law side of the court to give jurisdiction.

It is next contended the ordinance is void because it failed to "specify the nature, character and description of the improvement," as required by section 19, of article 9, of the general law in relation to the incorporation of cities and villages, and in support of this contention, *City of Sterling* v. *Galt*, 117 Ill. 11, *City of Kankakee* v. *Potter*, 119 id. 324, and *Ogden* v. *Town of Lake*, 121 id. 422, are cited. But these decisions were all prior to the act of June 17, 1887, amending section 19, so as to provide that the nature, character, locality and description of the improvement may be made, "either by setting forth the same in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications thereof, on file in the office of the proper clerk, or both." Laws of 1887, p. 107.

In *L. & N. R. R. Co.* v. *City of East St. Louis*, 134 Ill. 656, we held that the act of June 1, 1889, amending the same section to be invalid, leaving the section, as amended by the act of 1887, in full force. In the present case, the nature, character and description of the improvement, so far as it is not stated in the ordinance itself, was set forth by reference to

plans and specifications on file in the office of the city clerk. This, under the statute as amended is sufficient, it not being claimed that those plans and specifications, if they may be properly referred to for that purpose, do not constitute a sufficient description of the improvement.

It is further insisted that the special tax is void because the committee appointed to estimate the cost of the improvement, did not estimate separately the cost of constructing the sewer at the street intersections. The cost of the improvement within the corporate limits of the city is to be paid for in part by general taxation and in part by special taxation. Of the entire amount, $3700 is to be paid by general taxation, and, according to the estimate of the committee, only $2900 is left to be paid by special taxation. The only portion of the cost of the improvement within the city limits specifically required to be paid by general taxation is that of constructing the sewer at the street crossings. Under these circumstances, it may fairly be assumed; that the committee, in making their estimate of the amount to be paid by general taxation, and the amount to be paid by special taxation, according to the provisions of the ordinance, included the cost of the sewer at the street crossings in the $3700 to be paid by the city.

It is finally insisted that the ordinance is invalid because it provides for a purchase by the city of land outside the city limits for the purpose of extending the sewer to its outlet. In *Shreve* v. *Town of Cicero,* 129 Ill. 226, it was held that a municipal corporation has authority to extend a sewer beyond the corporate limits, for the purpose of obtaining a proper outlet, and if it has that power, we see no reason why it may not acquire, by purchase or otherwise, the land upon which to construct the sewer to its outlet.

We are of the opinion that none of the objections urged to the judgment of confirmation in this case are well founded, and the judgment will therefore be affirmed.

*Judgment affirmed.*