W. NORTH DUANE

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 25, 1902.*

1. SPECIAL ASSESSMENTS—*when description is not uncertain.* That a provision in a sewer ordinance for tile-pipe slants, to be placed at the intersections of certain streets, fails to state whether they are to be placed in the center or at the side of such streets does not render the description uncertain, since it will be inferred that they are to be placed in the center of such streets.

2. SAME—*when provision for house slants is not unreasonable.* A provision in a sewer system ordinance for two house slants for each corner lot,—one for each street upon which it abuts,—is not unreasonable.

3. SAME—*city may fix boundaries of sewer district.* As an incident to its power to provide a sewer system a city may establish the boundaries of the district which shall be permitted to drain into the sewer; and the failure to assess property not within the boundaries of the sewer district and not entitled to the benefit of the drains is no ground for objection to confirmation.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

L. L. DENT, for appellant.

ROBERT REDFIELD, (CHARLES M. WALKER, Corporation Counsel, and EDGAR B. TOLMAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment levied to defray the cost of constructing a system of brick and vitrified tile-pipe sewers to be placed in certain streets in the city of Chicago. Appellant questioned the validity of the assessment by objections, which were overruled by the county court. He introduced no evidence on the question of benefits and the judgment of confirmation was entered. The errors assigned relate to the overruling of his objections to the assessment.

The first of these objections is, that the ordinance does not sufficiently describe the improvement in the following particular: It provides that vitrified tile-pipe slants of twelve inches internal diameter shall be placed in the north side of the sewer in West One Hundred and Fifteenth street at the intersections of certain streets named in the ordinance, but it does not specify in what part of the intersecting streets the slants are to be placed,—whether on the east or west side or in the middle. These slants are provisions for future connections with the sewer in the intersecting streets. The language used would ordinarily mean that the slants and connections are to be at the center of the intersecting streets, as no other part of such streets is specified or indicated. The provision that the slants for connections shall be put in the intersecting streets naturally means that they

shall be put in the center where it is not provided that they shall be placed on one side, and that is the way we interpret this ordinance. There was no evidence that the cost of putting in the slants in one part of the street would be greater than at another, or that the estimate or bids could be affected in any manner by their location. The ordinance was not defective in failing to describe the improvement.

The next objection is, that the ordinance is unreasonable and oppressive in providing for two house slants for every corner lot,—one for each street on which it abuts. These slants are put in to permit connections from the lots, and it is not unreasonable that the ordinance should provide for connections from a corner lot with either or both of the adjoining streets. Buildings may be constructed fronting on either street, and connections with the sewer in both may be necessary or desirable.

The next objection is, that the officer who assessed the cost of the improvement and made a report to the county court omitted property benefited by the sewer. There was no error or omission of that kind by the officer. The property which appellant says was omitted was not within the drainage district created by the ordinance, entitled to the benefit of the sewer. The ordinance providing for the improvement declared certain territory to be a drainage district for the purposes of the system of sewers, and gave to the owners and occupants of lands within such district the use and benefit of the sewers provided for and the right to connect ditches and drains with such sewers. There was no provision for draining into the sewers the lands which appellant says were wrongfully omitted, or by which such lands or the owners would ever be entitled to the benefit of such sewers, and the property could not be assessed to pay for their construction. (*Bickerdike* v. *City of Chicago*, 185 Ill. 280.) The city has power to construct a system of drains and sewers, and as an incident of such power necessarily has the

right to define the district which shall be permitted to drain into such system. *Gray* v. *Town of Cicero*, 177 Ill. 459.

The county court was right in overruling the objections, and the judgment is affirmed.

*Judgment affirmed.*