(No. 16307.—Appeal dismissed.)

THE CITY OF MOMENCE, Appellee, *vs.* J. J. KIRBY *et al.* Appellants.

*Opinion filed December 16, 1924—Rehearing denied Feb. 5, 1925.*

1. SPECIAL ASSESSMENTS—*section 95 of Local Improvement act authorizes joint or separate appeals.* Under section 95 of the Local Improvement act all objectors are not required to join in an appeal from a final judgment in a special assessment proceeding, but objectors who desire to appeal may do so jointly, or, if for any reason they so desire, they may be authorized by order of the court to prosecute separate appeals.

2. SAME—*section 95 of Local Improvement act does not authorize two joint appeals.* An appeal from a final judgment in a special assessment proceeding must be strictly in accordance with the statute, and section 95 of the Local Improvement act, authorizing joint or separate appeals, does not authorize one group of objectors to join in one appeal and another group to join in another but all who appeal must join, except those who may be authorized by order of court to prosecute individual appeals.

APPEAL from the County Court of Kankakee county; the Hon. HENRY F. RUEL, Judge, presiding.

W. R. HUNTER, V. A. PARISH, and EVA L. MINOR, for appellants.

E. P. HARNEY, and MILLER & STREETER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kankakee county confirming a special assessment for a local improvement in the city of Momence. Fifty-seven property owners objected to the judgment of confirmation. They jointly and severally prayed an appeal to this court, which prayer was "allowed as to any objector or objectors filing herein an appeal bond, jointly or severally, in the sum of $500" within thirty days. Thirty-two objectors and three property owners who did not object filed an appeal bond June 14, 1924, and twenty-five other objectors on the same day filed another appeal bond. Appellee has filed a motion to dismiss the appeal on the ground that three of the thirty-five who signed one of the bonds did not object to the assessment, and on the further ground that the appeal was not taken in compliance with the statute or the order of the court. The three persons who filed no objections but joined in one of the appeal bonds have filed a cross-motion to dismiss the appeal as to them, and that motion is allowed. There then remains the motion to dismiss the appeal for the reason that it is neither a joint nor several appeal and was not taken in compliance with the statute and order of the court.

Section 95 of the Local Improvement act provides that appeals may be taken to this court from final judgments, "and the court may allow such an appeal to be taken jointly, and upon a joint bond, or severally, and upon several bonds, as may be specified in the order allowing the same." Only joint or several appeals are permitted and authorized by the statute and the order of the court granting an appeal. The meaning and intent of the statute are, that as many objectors as desire to appeal may be permitted to do so by joining in the appeal, or they may prosecute separate appeals. It is not required that all persons who object must join in the appeal, but those who desire to appeal may do so jointly, or if they for any reason de-

sire to do so they may be authorized by order of the court to prosecute separate appeals. The word "severally" in section 95 means "separately." Appeals jointly or separately are authorized. Here fifty-seven objectors prayed and were allowed by order of the court to join in one appeal or to prosecute separate appeals. They did neither, but thirty-two of them joined in one appeal and twenty-five in another. In other words, none of them prosecuted several or separate appeals but they prosecuted two joint appeals. Two joint appeals are not several or separate appeals. We do not know of any case where this court has considered the question of two joint appeals from a judgment of confirmation, but that such appeals can only be prosecuted in conformity with the statute and order granting the appeal has been considered by us.

In *Lingle* v. *City of Chicago,* 210 Ill. 600, Lingle, one of a large number of property owners who objected and excepted to the judgment of confirmation, prosecuted a separate appeal. The order of the court recited that the "objectors take an exception and pray an appeal," which was allowed on filing bond and bill of exceptions. A motion was made in this court to dismiss the appeal. The motion was allowed. The court said: "Judgments confirming special assessments are several judgments against the different parcels of property, but section 95 of the act in force July 1, 1895, entitled 'An act concerning local improvements,' (4 Starr & Cur. Stat. chap. 24, par. 132, p. 201,) provides that the court may enter an order allowing appeals in such proceedings to be taken either jointly by all the owners of the property against which the judgments have been rendered, upon the joint bond of such owners, or allowing several appeals to be taken by the respective owners upon several bonds, 'as may be specified in the order allowing the same,' to use the language of the section. It appears from the order granting an appeal from the judgment confirming the assessment of benefits in this proceeding, which

we have hereinbefore quoted, that an appeal was prayed by and on behalf of 'the objectors,' and such prayer was allowéd on the filing of a single bond. We have in many instances in special assessment proceedings under such orders entertained jurisdiction of appeals perfected by all of the owners of the property against whose property the assessment had been confirmed. The order does not award a several appeal upon the several bond of any objector."

In *Legro* v. *Ashkum Drainage District,* 297 Ill. 155, a number of land owners jointly appealed from an order of the drainage commissioners confirming a classification of the lands. The statute did not authorize a joint appeal in such case and this court affirmed the judgment of the county court dismissing the appeal. In the discussion of the question this court said: "The Local Improvement act expressly authorizes a joint appeal upon a joint bond or separate appeals upon separate bonds. The right to appeal is statutory, and parties having separate and distinct conflicting interests cannot unite in a joint appeal upon a joint bond unless authorized by the statute to do so. * * * Appellants entered a motion for leave to file an amended bond, which the court overruled, and they contend that if the appeal was not proper the filing of the joint bond showed an intention to appeal, and the court erred in not allowing them to amend. In *First Congregational Church* v. *Page,* 255 Ill. 267, it was held that where a joint appeal is allowed and an appeal bond is signed by only one of the appellants it cannot be remedied by filing a new bond signed by all the appellants but the appeal must be dismissed. The converse of that proposition must also be true. Whether the terms of appeal are fixed by order of the court or by statute, the order or statute must be strictly complied with. Here the right of appeal is fixed and governed by the statute, and unless perfected in the manner required by the statute must be dismissed."

In *Congregational Church* v. *Page,* cited in the opinion just quoted from, the court held where a joint appeal is prayed and allowed all the appellants must sign the appeal bond or the appeal will be dismissed.

In *Fortune* v. *Gilbert,* 207 Ill. 235, an appeal was granted to three parties jointly but was perfected by only one of them. The appeal was dismissed, the court saying the right of appeal is statutory and can be availed of only when in conformity with the order of allowance. Here the appeal was not perfected in conformity with the statute or the order of court granting the appeal, and the motion to dismiss must be allowed.        *Appeal dismissed.*