(No. 21239.—)

THE PEOPLE *ex rel.* Roy R. Hess, County Collector, Appellee, *vs.* THOMAS CARROLL, Appellant.

*Opinion filed April 23, 1932.*

WILBER H. HICKMAN, for appellant.

CHARLES F. TYM, State's Attorney, VANSELLAR & McCLAIN, and M. E. Cox, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

The county collector made application in the county court of Edgar county for judgment and order of sale against the property of the appellant and fifty-seven other objectors to a special hard road and bond tax levied by the commissioner of highways of the town of Embarrass. A stipulation was entered into that the county court should hear the evidence in the appellant's case and that the fifty-seven

other objectors would be bound by the decision therein. One judgment was entered against all the lands, overruling all of the objections filed. The objectors excepted and prayed an appeal, which was granted upon the filing of the appellant's bond within the time and for the amount required. No other objector joined in the appeal bond nor was it made in their joint behalf. Neither the appellant nor any other objector deposited with the county collector an amount equal to the judgment and costs before praying the appeal.

Where a joint judgment is rendered against the lands of all the objectors and a joint appeal prayed, as in this case, the appeal must be taken in strict conformity with the order of the court allowing it. (*Village of Broadview* v. *Dianish,* 335 Ill. 299; *City of Momence* v. *Kirby,* 315 id. 138; *Legro* v. *Ashkum Drainage District,* 297 id. 155; *First Congregational Church* v. *Page,* 255 id. 267; *Lingle* v. *City of Chicago,* 210 id. 600.) The record here shows that the appeal was jointly allowed to the objectors but perfected individually by the appellant.

None of the objectors before praying an appeal deposited with the county collector an amount equal to the judgment and costs rendered against his land. The statute (Smith's Stat. 1931, chap. 120, sec. 192, p. 2410,) specifically requires such a deposit as a condition precedent to the right to appeal. (*People* v. *Vogt,* 262 Ill. 170; *Bryant* v. *People,* 71 id. 32.) While the right of appeal from judgments of the county court is conferred by the constitution, it can only be exercised under such conditions as may be imposed by the legislature. *Andrews* v. *Rumsey,* 75 Ill. 598.

For failure to properly perfect this appeal in accordance with the order of the lower court and in conformity with statutory requirements, the appeal will be dismissed.

*Appeal dismissed.*