EDWARD THOMPSON & others *vs.* CITY OF BOSTON.

Suffolk. November 13, 1888. — January 5, 1889.

Present: MORTON, C. J., FIELD, HOLMES, & KNOWLTON, JJ.

*Land Damages — Evidence — Cross-examination.*

On the assessment of damages for the taking of land by a city, the chairman of its board of assessors, having testified as to the value of the land, was asked on cross-examination at what price he had assessed adjoining land in the same and in the preceding year. *Held,* that the presiding judge, in the exercise of his discretion, rightly excluded the question.

PETITION to the Superior Court, for a jury to assess damages for the taking of land in Boston, on December 27, 1879, for the Back Bay Park.

At the trial in the Superior Court, before *Dewey*, J., the defendant called Thomas Hills, chairman of the board of assessors of the city of Boston, who testified that in his opinion the petitioners' land, in December, 1879, was worth ten to twelve cents per foot. On cross-examination, the petitioners asked him if

he assessed the land taken in 1878 and 1879, and he replied that he did not, because he supposed that the city had taken it in 1877. The petitioners then asked him if he assessed in May, 1878, and in May, 1879, the adjoining land of the petitioners, and he replied, "We did," and he was then asked by them at what price he assessed it, to which the defendant objected. The judge inquired for what purpose the question was asked, and the petitioners' counsel replied: "For the purpose of affecting the value of the opinion of the witness. I propose to show that, in his sworn position as assessor the year before this land was taken, he put a valuation on this land of Mr. Thompson's, which we contend is the same to all practical purposes as the land in controversy; and I submit that that is competent as affecting the value of the testimony to the value of this land in 1879." The judge thereupon excluded the questions relating to the witness's assessment, both in May, 1878, and in May, 1879, and the petitioners excepted.

The jury returned a verdict assessing the petitioners' damages; and the petitioners, being dissatisfied with the amount, alleged exceptions.

*R. M. Morse, Jr.*, for the petitioners.

*A. J. Bailey*, for the respondent.

MORTON, C. J. The respondent called as a witness the chairman of the board of assessors of the city of Boston, who testified as to the value of the land in controversy. In cross-examination, the petitioners asked him if he assessed the adjoining land of the petitioners in May, 1878, and May, 1879, and at what price. The court excluded the question, and the petitioners excepted.

In order to determine the value of land taken for public use, it is sometimes competent to put in evidence sales of adjoining or neighboring land; but this can only be done when the situation and condition of the two pieces of land are substantially the same, so that the value of one furnishes a fair test of the value of the other. The question whether they are similar in situation and condition must be determined in the first instance by the presiding justice, and the admission of such evidence is very largely within his discretion. But it is not competent to put in the opinion or judgment of witnesses as to the value of other land in the vicinity. *Shattuck* v. *Stoneham Branch Railroad*, 6 Allen, 115.

The evidence offered, therefore, was not admissible as substantive evidence of the value of the land taken. This the petitioners concede, but they contend that it was admissible in cross-examination, because it is in the nature of an admission by the witness inconsistent with his testimony in chief. He testified in chief, that in his opinion the petitioners' land taken was worth ten to twelve cents per foot. If we assume that he assessed the adjoining land at a higher valuation, this expression of his opinion would not be inconsistent with his testimony, unless he appraised the two pieces of land upon the basis that they were substantially similar. But it appeared that he did not assess the land in controversy in 1878 and 1879, because he supposed the city had taken it for a park in 1877. The land was not in fact taken by the city until December, 1879, but the witness assessed the remaining land of the petitioners in 1878 and 1879 upon the basis that its value had been enhanced by the appropriation of the adjoining land for a public park. His two statements as to the value of the two pieces of land are not inconsistent, because they are based upon different facts. The conditions of the two pieces were not in his mind the same.

We think the presiding justice might rightly reject the evidence offered, in the exercise of the broad discretion vested in him as to the extent of cross-examination upon collateral matters.                                                        *Exceptions overruled.*