OLD COLONY RAILROAD COMPANY *vs.* F. P. ROBINSON COMPANY & another.

Suffolk.    March 9, 1900. — June 20, 1900.

Present: KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Eminent Domain — Taking of Vacant Land — Evidence as to Land with Buildings — Expert.*

At the trial of a petition by a railroad company for the assessment of damages for the taking of vacant land of the respondent, and for damage to his other land, the respondent having introduced without objection testimony of the price paid at a recent sale for a lot of land with a dwelling-house and stable upon it, situated near the land taken, on the opposite side of the street (although if objection had been made the evidence probably would have been excluded), he may be permitted to point out the difference between the two estates, for the purpose of giving the evidence its true value, if it can be done without embarrassing the case with collateral issues; but the opinion of experts cannot be received in regard to the effect, upon the value of the estate sold, of features wherein it differs from the estate whose value is to be ascertained, or their opinion in regard to any elements of value which enter into the price, for the purpose of aiding in applying the evidence of the sale to the issue before the jury.

PETITION for the assessment of damages under St. 1896, c. 321, for the taking of land of the respondents on April 24, 1897, and for damage to other land of theirs, caused by the widening and change of grade of Lagrange Street, a public way in that part of Boston formerly known as West Roxbury.   The land actually taken was a strip of vacant land about ten feet wide

and about three hundred and twenty-one feet long, lying on the northerly side of Lagrange Street.

At the trial in the Superior Court, before *Blodgett*, J., the respondents introduced in evidence, without objection, the testimony of one Park of a sale made to him in August, 1895, by one Nichols, of a parcel of land with a dwelling-house and stable thereon situated on the southerly side of Lagrange Street, directly opposite the land taken. The area of the land sold was 8,967 square feet, and the price received for the property was $4,500. It did not appear that either the seller or the purchaser placed a separate value upon either the land or the buildings at the time of the sale, or that at the time any apportionment of the purchase price between the land and buildings was made by either of them. Park was still the owner of the property; and the counsel for the respondents asked him what was the fair value of the buildings at the time of the sale, but the petitioner objected, and the judge excluded the evidence.

One Spear, called by the respondents, testified that he lived near their land; that his occupation was that of a carpenter, builder, and contractor; that he had followed that occupation for forty-five years; that he knew the house bought by Park; that he knew when it was built, he having worked on it as an apprentice; that he knew about when the stable was built; and that he was well acquainted with the character and condition of the house and stable at the time of the purchase by Park. He was asked by the counsel for the respondents, "At the time of the sale to Park in 1895, in August, what in your judgment was the fair value of the house and stable?" The counsel for petitioner objected that the evidence was incompetent, but made no objection to the qualification of the witness. The judge decided that the question might be asked, and the petitioner excepted. Counsel for the petitioner said: "We object to that question for that purpose, and we suggest the value in connection with the property, the foundation, and everything that is there. I think he ought to understand that, and not what it was worth to be moved off." The judge observed, "Yes, I think he ought to understand that it is not a question of what it would be worth to be moved off." The counsel for the respondents then said, "I assumed that, and did not put

in the words 'market value,' for that reason," and then asked the witness, " What, in your judgment, was the fair value of the house and stable as they were there on the land at the time of the sale, to be used with the land ? "   The witness answered : " To be used with the land ?   $1,500."

The jury returned a verdict for the respondents in the sum of $8,874.76 ; and the petitioner alleged exceptions.

*A. F. Clarke*, for the petitioner.

*E. I. Baker*, for the respondents.

KNOWLTON, J.   In this case the question for the jury was, what sum should be awarded to the respondents for damages for the taking of their land, and for injury to their remaining land.   Their land was vacant at the time of the taking.   They introduced without objection testimony of the price paid at a recent sale for a lot of land with a dwelling-house and stable upon it, situated near the land taken, on the opposite side of the street.   If this had been vacant land, the price which it brought clearly would have been competent evidence on the question before the jury.   *Patch* v. *Boston*, 146 Mass. 52.   But with the buildings upon it the estate was so different in character from the other, that, if objection had been made, the evidence probably would have been excluded.   *Armory* v. *Melrose*, 162 Mass. 556.   It having been introduced without objection, it was open to the petitioner to show within reasonable limits, in the discretion of the presiding justice, that the estate was different in character from that taken, and that because of this difference the evidence was favorable to the petitioner, rather than to the respondents who introduced it. *Pierce* v. *Boston*, 164 Mass. 92.   *Lyman* v. *Boston*, 164 Mass. 99. *Cherokee* v. *Town Lot & Land Co.* 52 Iowa, 279, 281.   See *Hunt* v. *Boston*, 152 Mass. 168, 170.   After such testimony is before a jury without objection, there is no good reason why the party that introduced it should not be permitted to point out the difference between the two estates, for the purpose of giving the evidence its true value, if it can be done without embarrassing the case with the collateral issues.

The question now before us is whether, in such a case, the opinion of experts may be received in regard to the effect, upon the value of the estate sold, of features wherein it differs from

the estate whose value is to be ascertained, or their opinion in regard to any elements of value which enter into the price for the purpose of aiding in applying the evidence of the sale to the issue before the jury.

The rule has been held very strictly that the opinion of experts as to the value of other lands is not to be received. In *Wyman* v. *Lexington & West Cambridge Railroad,* 13 Met. 316, 327, Mr. Justice Dewey uses language as follows: " Evidence of mere opinion as to the value of property is to be confined exclusively to the subject in reference to which damages are claimed. If you would aid the jury by reference to other articles, or other property similarly situated, the evidence in reference to such other articles or other property must be that of facts, and not opinions. It is only by reference to facts that exist respecting the property, that a comparison is to be made that may aid the jury in estimating the value of the property in relation to which they are to assess damages. To allow anything beyond this would be unnecessarily sanctioning the introduction of evidence of opinions of witnesses — evidence always somewhat objectionable in its character, and to be excluded as far as is practicable." This doctrine has often been recognized and reaffirmed in later cases. *Rand* v. *Newton,* 6 Allen, 38. *Shattuck* v. *Stoneham Branch Railroad,* 6 Allen, 115. *Phillips* v. *Marblehead,* 148 Mass. 326, 328. *Thompson* v. *Boston,* 148 Mass. 387. *Roberts* v. *Boston,* 149 Mass. 346, 354, 355. *Haven* v. *County Commissioners,* 155 Mass. 467. *Beale* v. *Boston,* 166 Mass. 53. It may sometimes happen, as in the present case, that the opinion of experts as to the value of some distinctive feature of the property, in which it differs from the estate taken, would be helpful to a jury ; but ordinarily it would be distracting to a jury to take the opinion of experts as to the value of other lands which are compared with the land in question. It would be difficult to draw a line of distinction between cases which are to be treated as exceptions and those in which the general rule is to be applied. We are of opinion that it is unwise to introduce an exception in cases like the present, and that it is better to hold the rule absolutely, and leave the jury to judge for themselves in regard to the two estates compared, whatever differences may exist between them. Sales of other estates should not be

admitted in evidence unless the similarity of these estates to that in question is such as to make the evidence helpful without aid from the testimony of experts. Differences may be pointed out to a jury, but the effect of these differences should be left to their judgment.

We are of opinion that the testimony of the expert was wrongly admitted.                                  *Exceptions sustained.*