City of St. Louis, Appellant, v. Edwin L. Sheahan et al.—36 S. W. (2d) 951.

Division Two, March 25, 1931.

306

*Julius T. Muench* and *Richard S. Bull* for appellant.

*Holland, Lashly & Donnell* and *Ralph C. Lashly* for respondents.

WHITE, P. J.—This proceeding, begun in May, 1925, in the St. Louis Circuit Court, was to condemn a right of way one hundred feet

wide for water-pipe line through a tract of land in St. Louis County belonging to respondents, Dr. Edwin L. Sheahan and his wife Deborah M. Sheahan.

They owned a tract consisting of thirty acres and the right-of-way condemned goes through this tract a distance of a thousand feet. Commissioners appointed by the court assessed defendant's damages at $17,255.80. The city filed exceptions. The court ordered a trial by jury, which rendered a verdict for the defendants for $14,250. From the judgment the city appealed in due form.

I. The first assignment of error made by appellant here is that the award of $14,250 damage was so excessive as to indicate the influence of passion or prejudice on the part of the jury.

The defendants introduced a number of witnesses who qualified as experts in valuing real estate.

Dr. Sheahan testified that his damage was twenty-nine thousand dollars. He estimated the thirty acres of land as worth thirty-five hundred dollars an acre. The amount taken in the hundred-foot strip was 1.93 acres. It cut off 1.86 acres from the main body of the tract, making that piece practically worthless. The damage to the entire tract was because the easement for the pipe line interfered with his sewerage and drainage and made it difficult to lay the tract off in lots in a satisfactory manner.

Mrs. Mehl, a real estate agent, testified about sales she had made in the vicinity, apparently on land in like situation: one tract of two acres for $7,000; one two-acre tract for $7,500; a one-acre tract for $11,000, and a three-acre tract for $10,000, and a three-and-a-half-acre tract for $12,000.

Mrs. Heinsohn testified that she sold a six-acre tract about two blocks from the Price Road upon which the Sheahan land fronts for three thousand dollars an acre.

Witness Sertier testified that he sold a four-acre tract about a quarter of a mile north of the Sheahan property for four thousand dollars an acre.

Emil Dosenbach testified that he had made careful examination of the property and estimated Sheahan's damages at $17,300.

Mr. Jacobsmeyer testified to a similar examination and estimated the damage at $17,369.

Mr. Morgan testified to such examination and placed the damage at $17,396.

Mr. Keith testified that the Sheahan tract in November 1925, was worth $2500 an acre, and Sheahan's damage he estimated at eighteen thousand dollars.

Frederick Pitzman, civil engineer, testified that the strip of Shea-han's property taken off was rendered useless and that another tri-angular piece would be nearly useless from a subdivision stand-point, and that the remainder of the land was damaged from a sewer standpoint because to drain it would necessitate going under the right-of-way, and an engineer in doing so would encounter a very serious problem.

· Mr. Remeley testified that ·without figuring improvements the Sheahan property was worth about fifty thousand dollars, and aver-aged the property at three thousand dollars an acre.

The city introduced evidence tending to show the pipe line did not have the damaging effect testified to by defendant's witnesses.

Mr. Wood testified that the Sheahan tract was worth about one thousand dollars an acre, and that the damage was about three thousand dollars caused by the right-of-way.

Mr. Shields testified that the tract was worth $36,000, and esti-mated the damage caused by the easement at $2,724.44.

Mr. Elbring testified for the city that the value of the Sheahan tract in November, 1925, was $1350 an acre. He estimated that the damage caused by the easement was two thousand dollars, and the value of the strip taken off by the right-of-way one thousand ·dollars.

It was shown on examination of Dr. Sheahan that he gave $18,500 for the thirty acres five years before, though he testified that values had greatly advanced since his purchase. It was further shown by the city that other tracts on the road upon which the tract fronted were bought at an average of sixteen hundred dollars an acre, and one tract for a thousand dollars an acre.

We are unable to see from this evidence that the award of the jury indicates passion and prejudice. The trial court passed upon the weight of evidence, and we are not at liberty to disturb the court's finding in that respect unless it is shown that the trial court's discretion in that respect was abused, which does not appear.

A point is made that the alleged error is emphasized because three of the defendants' witnesses, Dosenbach, Jacobsmeyer and Morgan, who substantially agreed on the amount of the damages, were the commissioners appointed by the court in the first place to assess the damages. Nothing in the record tends to show that those wit-nesses were biased in favor of the city or had temptation to render a large judgment in favor of the property owners. They probably gave the matter a more thorough investigation than the other wit-nesses and were therefore better competent to estimate the damages.

II. The appellant does not claim that those commissioners were not competent witnesses, but does claim that the jury. should not

have been apprised that they were the commissioners who assessed the damages originally, and complains that the court permitted tactics employed by defendants' counsel in indirectly getting before the jury the fact that those three witnesses were the commissioners. The specific complaint is that it was brought out in the testimony of each of them that they were together when they examined the property for the purpose of estimating the damage, and substantially agreed on the amount of damage; that the jury would therefore infer that they had appraised the damage as commissioners.

When Mr. Dosenbach was on the stand the defendants' counsel asked and he answered the following question:

"Q. With whom, if anyone, did you go on the land? A. The last time I went by myself.

"Q. And prior thereto did you go in company with others? A. Yes. sir. I was there with Mr. Morgan and Mr. Jacobsmeyer.

"Q. You were there with Mr. Morgan and Mr. Jacobsmeyer? A. Yes sir."

There was no objection to this testimony. The witness then testified at length as to his knowledge of property in the city. Finally when the witness was asked his opinion of the damage the plaintiff made this objection in the absence of the jury:

"Mr. Bull: Your Honor, I will object to any testimony by this witness as to the valuation of this property or the damage sustained on account of the fact that the record shows he had been one of the commissioners in this case, and that any opinion advanced by him would be but a statement indirectly of the findings of the commissioners in the case."

Jacobsmeyer was asked if he examined the property and determined the amount of damage suffered by Dr. and Mrs. Sheahan. The defendant objected to that question in this form:

"Mr. Bull: I make the same objection that I made to Mr. Dosenbach's testimony."

The witness then testified and was cross-examined at length. On re-cross-examination in answer to questions asked by Mr. Bull, for the city, the witness stated that his conclusions were the same as Mr. Dosenbach's. Counsel for defendants then had the witness state that he went with Dosenbach and Morgan to make examination of the property. There was no objection to that evidence except that one question was leading. Plaintiff's counsel then in re-cross-examination asked the witness if the city of St. Louis had anything to do with his going with Jacobsmeyer and Morgan to examine the property. The witness answered, "No more than Dr. Sheahan."

Morgan was asked if he had made an examination of the property and determined the damages. The city objected to the testi-

mony of the witness as it did to the testimony of Dosenbach and Jacobsmeyer and for the same reason.

In cross-examination of that witness Mr. Bull, for the city, brought out that the witness had reached the same conclusions as Mr. Dosenbach and Mr. Jacobsmeyer.

Commissioners who have assessed damage in a condemnation proceeding are competent witnesses as to that matter on a subsequent jury trial. [City of Cape Girardeau v. Hunze, 314 Mo. l. c. 459.] But the fact that the witnesses were commissioners should not be brought to the jury's attention. The only objection offered by the city to the testimony of Dosenbach goes to the competency of his opinion as a witness; that his estimate would indirectly place before the jury the findings of the commissioners. The substantial agreement of the three would not necessarily convey that information to the jury, for witnesses often agree in a matter of that kind. That same objection and no other was urged to the evidence of each one of the commissioners.

The appellant in this court complains of evidence that they acted together, as tending to show their character as commissioners. No objection to that evidence was made by the plaintiff. On the contrary Mr. Bull had Jacobsmeyer say that he had agreed with Mr. Dosenbach as to the damage and showed by Morgan that the three agreed with each other. The city's counsel went even further and asked the witness if the city had anything to do with his going out there with Jacobsmeyer. If the jury from all this inferred that these three witnesses were commissioners the plaintiff has no room to complain.

III. Error is assigned to the alleged admission of testimony of witnesses giving their opinions of the value of land in the vicinity. When Dr. Sheahan was on the stand he was asked if he knew the value of the property across the road from him. The question was objected to, objection overruled, and the witness answered: "The value is $3500 per acre." If that is error it is hard to see how the plaintiff was injured by it. Dr. Sheahan had already testified that he valued his own property at $3500 an acre. His estimate of the value of the property across the road would add nothing to what he had already said. Besides, the question and answer fail to show that he expressed merely an opinion of the land across the road. He was asked if he *knew* the value. He answered, "Yes, I know its value." The court then allowed him to answer and give the value. It was not an opinion, but knowledge. He was not asked how he knew it. If on cross-examination it had been shown that it was not knowledge but a mere opinion he was testifying to, then there

might have been some basis for the complaint of error. Knowledge of the value of other property by what it sold for is competent evidence. [St. Louis, K. & N. W. Ry. Co. v. Clark, 121 Mo. 185; Met. Street Ry. Co. v. Walsh, 197 Mo. l. c. 403.] And such evidence was· introduced without objection.

Mr. Remley, a witness for defendant, was asked what ground in the vicinity of the defendant's land was worth. That question was objected to. The objection was overruled and the question repeated and answered as follows:

"By MR. LASHLEY: Q. Yes, sir, what is the value of the property in the neighborhood on the Price Road, in the neighborhood of Dr. Sheahan's property? A. Judging from the sale of my property that I sold, I sold seven acres without figuring the improvements for about $50,000. That is $7,000 per acre."

While the question might be said to have asked for an opinion, the answer did not give an opinion at all, but simply showed a fact as to what property was sold for in the neighborhood, mentioning one specific instance. Appellant cites Nichols on Eminent Domain on this subject, vol. 2 (2 Ed.), page 1189, where it is said:

"If the jury is to be aided by evidence in regard to property similarly situated, it must be by facts and not by opinions."

This is further elucidated in the same volume on pages 1182-1183, and on page 1196 it is noted that in most jurisdictions evidence as to voluntary sales in the neighborhood is held admissible in determining the value of property affected. That is the rule in Missouri.

Appellant assigns error to the admission of testimony of one Baumhoff, who told of purchases and sales of property in the neighborhood in 1899, 1909 and 1920. The objection urged was that it was too remote as to time. The evidence of Dr. Baumhoff as to previous sales were for prices much less than the admitted value of Dr. Sheahan's property, and no evidence was offered to show enhancement in value of the property from the date of those sales until after Dr. Sheahan had bought his property five years prior to the condemnation proceeding. The plaintiff could hardly be damaged by this evidence.

IV. An error, plaintiff claims, occurred when the defendants offered a part of the original petition, an abandoned pleading, filed in the case, and it was admitted over the objection of the defendant. The case was tried upon an amended petition.

The part contained in the original petition alleges that the underground conduits and waterways, "are to be placed so that the top of the same shall be a minimum of approximately three feet under

the surface of the ground,'' which does not appear in the amended petition upon which the case was tried. It was competent as an admission of the city regarding the character of excavation and the depth to which the conduits were to be placed as affecting the damage to the defendant's property. It showed the purpose and effect of the condemnation proceeding as the city entertained it at the time. The city could have neutralized that admission by showing, if true, that its present purpose and the proceeding would not have such effect. [Andrus v. Accident Association, 283 Mo. l. c. 455, and cases cited.] But no explanation of the kind was offered.

The judgment is affirmed. All concur.