**STATE ex rel. STATE HIGHWAY COMMISSION**

v.

**LEFTWICH et al.**

No. 21932.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1953.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for appellant.

Frank L. Pulley, Cameron, W. T. Harbison, Plattsburg, for respondents.

DEW, Judge.

The State of Missouri, at the relation of the State Highway Commission, brought this proceeding to condemn certain real estate for highway purposes in DeKalb County. A fraction of an acre was taken along the road frontage on Highway 36 from a tract owned by the defendants here-

in, and a gravel road was constructed parallel to the highway and between defendants' new frontage and the highway. The appraisers appointed by the court awarded these defendants $300 as damages by reason of the appropriation of their land, and the road construction. Defendants filed exceptions. On change of venue the case was sent to the Circuit Court of Clinton County. On a jury trial the verdict was for the defendants in the sum of $3,000. Plaintiff has appealed.

Defendants have moved for the dismissal of this appeal on the ground that plaintiff's motion for new trial makes no complaint of an award of excessive damages. It is contended that since this is a condemnation suit, the amount of damages, if any, is the sole issue for determination, and any errors in the admission or rejection of testimony or in the giving of instructions as assigned in plaintiff's brief, would be harmless, inasmuch as plaintiff does not complain that it was injured thereby in the award of excessive damages. Defendants take the position that, therefore, there is nothing for this court to review in this case. They rely upon City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853. On the other hand, plaintiff asserts that it did assign grounds in its motion for new trial, consisting of errors which made the verdict possible, both in the admission of testimony and in the giving of instructions, although it admits that there was substantial evidence to support the amount of damages awarded by the jury.

The motion for new trial complains that the court erred in admitting, over objection, testimony as to sales of other tracts without a showing of the time of such sales, or any similarity to the land in question as to the use of the tracts; that the verdict was against the credible evidence; that error was made in the giving of Instructions 1, 2, and 3 for the defendants, unduly emphasizing the taking of private property for public use, allowing a finding of future speculative value to be its true market value; that the court erred in admitting evidence of increased traffic as a basis of market value when such traffic was due to the improvement itself. It is true that the sole issue remaining in this case is the amount of damages, Section 523.050, RSMo 1949, V.A.M.S. It is also well settled that when, in a condemnation suit, there is substantial evidence to support the amount of damages awarded and no reversible error committed in the trial, or a showing in the record that the award is arbitrary or confiscatory, the appellate court will not disturb the verdict. Kansas City v. Jones Store Co., 325 Mo. 226, 28 S.W.2d 1008. The court will, however, review the amount of damages if error in the trial of that issue has been made and preserved. City of St. Louis v. Buselaki, supra. We construe the motion for new trial to contain grounds pertaining to the establishment of the value of defendants' property before and after the taking and new construction, and hence, pertinent to the amount of damages awarded. The motion to dismiss the appeal is overruled.

According to the evidence the defendants originally owned an irregular tract of land with a frontage of about 400 feet on the north side of Highway 36, west of and near Cameron, Missouri. They later sold therefrom a portion for a filling station site at the southwest corner of their tract, apparently reserving only a narrow driveway west of the part sold, leading to the defendants' dwelling house. The remaining tract consisted of 16 acres, with a frontage of 375 feet on Highway 36. The then existing highway had been constructed upon a grade requiring a cut along defendants' frontage from their west line to their east line, so as to accommodate an overhead pass or bridge for an intersection with a county road near defendants' southeast corner. Although defendants' frontage was then and thereby abrupt and of the graduated height stated, it did abut upon the highway throughout.

The project involved in the condemnation herein was the removal of the overhead pass, the widening of Highway 36, and its right-of-way, and the construction of a gravel road on the land taken from defendants' frontage along the north side of Highway 36 and parallel with it for the full

extent of defendants' road frontage. The gravel road was for the purpose of affording a means of travel to and from the county road from the point where the overhead pass was removed, to and from a point of merger with Highway 36, about 380 feet to the west. For that purpose a strip of land was taken from defendants' frontage 375 feet long and from 75 to 80 feet deep, consisting of .29 of an acre. The project required widening of Highway 36, a wider shoulder, a drainage ditch, the gravel road and a rounding off of defendants' new abutting frontage. The result was that defendants' property thereafter abutted or fronted on the intervening gravel road, rather than on Highway 36.

Most of defendants' evidence was devoted to the appropriation of this access to Highway 36 and the consequent effect upon the commercial value of their road frontage for business development.

█ Plaintiff's first point is that the court erred in permitting defendants' witnesses Johnson and Holland to base their opinions of the value of defendants' property before and after the appropriation and new construction, upon the value or sales of other tracts in the vicinity, dissimilar in character, rather than upon their experience and skill in appraisals. Both Johnson and Holland qualified as experts and both testified to the similarity of the other properties referred to. Such other properties are not shown in the record to be so dissimilar as to location, use and nature as to characterize them as dissimilar, nor were the sales too remote as in the case of St. Louis Electric Terminal Ry. Co. v. Mac-Adaras, 257 Mo. 448, 166 S.W. 307, where the other property referred to was in a city and over a block away from the tract in point, and on a different street. In general, evidence of voluntary sales in the vicinity is competent evidence of the value of the property affected. City of St. Louis v. Sheahan, 327 Mo. 305, 312, 36 S.W.2d 951. We believe that no error was committed in admitting the testimony of Johnson and Holland as to the value or sales of other properties.

█ Plaintiff's second point is that the court erred in giving defendants Instruction No. 1, which read as follows:

"The Court instructs the jury that, under the constitution of Missouri, private property cannot be taken for public use without just compensation being paid the owner, and the law of this state gives the owner the right to have such compensation determined by a jury.

"The plaintiff, State Highway Commission of Missouri, has taken certain land mentioned and described in the evidence for a public highway, which land was the property of the defendants, Austin J. Leftwich and Lida V. Leftwich.

"Therefore, the jury is instructed that the damages due defendants, if any, is the difference between the fair market value of the entire tract of land owned by defendants on the 21st day of September, 1951, and the fair market value of the remainder of said tract of land after the taking therefrom of the land described in the evidence".

It is first urged that this instruction states an abstract question of law, not an issue in this case, tending to influence the jury. It is argued that the reference to the constitutional rights to compensation for private property taken for public use unduly emphasizes the element of depriving a citizen of his property against his will.

In State ex rel. State Highway Commission v. Huddleston, Mo.App., 52 S.W.2d 33, in a condemnation proceeding on appeal, the instruction complained of contained verbatim the first clause appearing in the first paragraph of the one at hand. Practically the same objections were made as here. The court held the instruction prejudicial in the part noted, since the only issue before the jury was the damages, if any, and that the part complained of was a mere abstract proposition, unnecessary in the face of the evidence in the case. The evidence referred to was to the effect that the owner denied any benefits, did not know the

difference in value before and after the "road was put through"; that he did not want to sell the property; that he "loved" the place; that he would not have sold the land at all if he could have helped it; that he did not want to part with it and that it had been ruined as far as he was concerned. When told it was not a question of feelings or sentiment, the witness said he knew nothing about the market value. It will be noted that such evidence disclosed that the owners' objections were primarily sentimental and the appellate court was of the opinion that "in the face of the evidence" mentioned, the jury would be prejudiced by references in the instruction to the constitutional prohibition against taking private property for public use without compensation. In the instant case the defendants' main contention was that they had suffered damages to the commercial value of their highway frontage.

In Chicago, R. I. & P. Ry. Co. v. Hosman, 227 Mo.App. 659, 57 S.W.2d 434, an instruction was given in practically the identical words as appear in the part complained of in the instruction herein. Practically the same objections were there made as here. This court in that case said that the part criticized was abstract, unnecessary and could have been refused by the trial court, but in view of the fact that the jury viewed the premises in question under proper instructions as to the elements for their consideration, the instruction was not reversible error.

A similar situation in a condemnation suit arose in Village of Broadview v. Dianish, 335 Ill. 299, 167 N.E. 106. The instruction complained of therein informed the jury of the natural easement of an owner of a dominant tract over adjoining land for the natural discharge of water falling or melting snow. It was complained that such part of the instruction was abstract and had no application to the ascertainment of damages. The Supreme Court of Illinois held that the same was pertinent to the value of the land taken, and to the damages.

While it may be said that the part of the instruction challenged in the case at bar was not necessary and, in and of itself, is abstract in nature and best omitted, we believe it was not prejudicial in view of the evidence in this case. See State ex rel. State Highway Commission of Missouri v. Haid, 332 Mo. 606, 59 S.W.2d 1057.

The plaintiff further argues that the instruction assumes damages to the defendants. Ignoring the words "damages due defendants, if any", and considering this instruction as standing alone, its words are tantamount to the statement that whatever may be the difference in value before and after the taking, such difference would be "damages due the defendants". Such, of course, would not allow for the fact that the benefits might exceed the damages and the "difference" in values might result in no net damage to the defendants, a fact which was controverted. But it must first be noted that the instruction states that: "The damages due defendants, if any, is the difference * * *"; thus, in effect, telling the jury that there may or may not be any damages due the defendants from such difference in values. The significance of such qualification is noted in State ex rel. State Highway Commission v. Thayer, Mo.App., 62 S.W.2d 938. In view of the words "damages due defendants, if any", contained in Instruction 1, it cannot reasonably be construed as leading the jury to understand that the difference in value referred to which might show greater benefits than damages, would be "damages due defendants".

If the instruction is imperfect in failing fully to state the measure of damages, the error here is one of nondirection rather than misdirection. The remedy of the plaintiff was to request an instruction covering the matter sought to be clarified. This was done and at plaintiff's request Instruction F was given by the court. It read as follows:

"You are instructed that if you find and believe from the evidence in this case that as a result of the construction of the highway the market value of the defendant's property described in evidence which is not taken for right-of-way is increased, by reason of

its position directly upon the improved highway, to such an extent that the market value of defendant's tract, without that part which has been taken for right-of-way, is more than or as much as the market value of the whole tract was immediately before the construction of the highway, then your verdict must be for the plaintiff".

Plaintiff's Instruction F was not inconsistent with and not antagonistic to defendants' Instruction 1. It clearly required the jury to consider the benefits, if, any, to the defendants' tract, in determining if the difference in value before and after the taking resulted in any damages due the defendants. In such a situation all of the instructions must be considered and read together to determine if the law was sufficiently stated. Duffy v. Rohan, Mo.Sup., 259 S.W.2d 839. Under the circumstances we find no reversible error in the giving of defendants' Instruction 1.

Plaintiff's last point is that the defendants' Instruction 3 was erroneous. It read as follows:

"You are instructed that in determining the value of the land in controversy, taken by plaintiff, the jury may take into consideration its location, the uses and purposes for which the property is suitable or adaptable considering such location, and having regard, not alone to the existing business wants of the community in which the same is located, but also to such uses as may be reasonably expected in the near future, together with all the surroundings and conditions as shown in evidence in this case".

It is urged that Instruction 3 has no place in a case where the entire tract is not taken by the condemnation proceedings and that it is confusing; that the value of "the land in controversy" cannot be reconciled with the land "taken by plaintiff"; that the whole tract of 16 acres was "in controversy"; that after submitting the "before and after" rule in Instruction 1, this instruction might allow the jury to add the value of the land taken, amounting to duplicate damages. The instruction is limited to the land in controversy, *taken by the plaintiff*. The fact that the remaining tract was also in controversy in arriving at any damages due the defendants does not enlarge the scope of this instruction nor confuse the two parcels.

As to the complaint that Instruction 3 allows the jury to assess duplicate damages for the land taken, we do not so construe it, when read with the other instructions. Under the measure of damages directed in Instruction 1, the jury was first required to ascertain the fair market value of the whole tract before the condemnation. Secondly, it was required to ascertain the fair market value of the tract remaining after the condemnation in order to arrive at the difference in those values. The proper rule in such cases was stated in State ex rel. State Highway Commission v. Cox, 336 Mo. 271, 279, 77 S.W.2d 116, 119: "The difference in the market value of the property for the uses to which it is adapted, before and after the appropriation, is the true criterion of the damages sustained." And again, in 77 S.W.2d at page 120: "The owner of the quarry was entitled to compensation for the ten feet of ground taken and to damages sustained to the tract of land remaining by reason of a decrease, if any, in its market value." In so valuing the tract in the instant case, remaining after the condemnation, there was more to consider than the mere reduction of acreage, namely, "the damages sustained to the tract of land by reason of a decrease, if any, in its market value". The reduction in quantity was of such a nature as also to leave the remaining tract without any frontage whatever on the main Highway 36, which frontage defendants' evidence tended to show was adaptable by depth, location and other circumstances in evidence to commercial development which would reflect upon the market value of the whole remaining tract. To what extent the reasonable market value of the remaining tract would be affected by leaving it without the frontage so taken was a proper matter for the jury's consideration. It was

748

an important element, although not the sole element, in determining such value of the remaining tract. Instruction 3 advised the jury, in effect, that in valuing the strip of which the remaining tract was deprived, it might consider its location, adaptability to present and future uses, and to other conditions shown in evidence. Instruction 3, although inartificially drawn, was merely explanatory of Instruction 1, and did not authorize separate or additional damages to those allowed by Instruction 1. Reading all the instructions together, we find no prejudicial error in the giving of defendants' Instruction 3.

Judgment affirmed.

All concur.