STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Respondent (Plaintiff),

v.

Frank KLIPSCH, Jr., et al., and Maroon
Brothers, Inc., a Corporation, Defendants,
Maroon Brothers, Inc., a Corporation,
Appellant.

No. 50764.

Supreme Court of Missouri,

Division No. 1.

July 12, 1965.

Robert L. Hyder, Jefferson City, C. J. McEnery, Jr., Kirkwood, for respondent.

Louis A. Robertson, Robertson, Baker & DeVoto, St. Louis, William L. Mason, Jr., Galena, for appellant.

WELBORN, Commissioner.

The State Highway Commission brought suit to condemn property in St. Louis County for the construction of Interstate Route 55. A tract of 6.255 acres was taken from Maroon Brothers, Inc. Commissioners awarded Maroon $66,968 damages. Both the Highway Commission and the owner excepted to the award. The owner claimed damages in excess of $111,000 and offered evidence in support thereof. A jury returned a verdict of damages of $55,000. After its motion for new trial had been overruled, the owner appealed. Because of the amount in dispute we have jurisdiction.

Respondent has moved to dismiss this appeal on the grounds of the inadequacy of the statement of facts in appellant's brief. Although appellant states that the purpose of the abbreviated statement is to present only those facts relevant for determination of the issues presented on the appeal, as required by Civil Rule 83.05(c), V.A.M.R., the statement is quite sketchy and hardly adequate for such purpose. However, respondent has supplied a complete factual statement and the harsh penalty of dismissal of the appeal should not be invoked. Cammarata v. Payton, Mo.Sup., 316 S.W.2d 474, 481 (6).

The property here in question is located at the northwest corner of the intersection of Bayless Road and the Missouri Pacific Railroad tracks. Frank J. Maroon, apparently an officer of the corporate owner, gave the property taken a value of $111,165.12, based on an average value of 40¢ per square foot. Expert appraisers testifying on behalf of the owner gave the property a value of $125,000, $137,650 and $160,000. Condemnor's expert witnesses gave the property a value of $38,600 and $37,300.

The first objection by appellant relates to the condemnor's introduction of evidence pertaining to sales of property 6½ miles from the property taken. Appellant's witnesses testified that the highest and best use for the tract taken was commercial, such as for a neighborhood shopping center or for parking space for an adjacent shopping center owned by appellant and developed subsequent to the taking. Appellant's witnesses compared the value of the property for such purpose with that of a four-acre tract 1½ miles away, which sold in the spring of 1960 for $25,000 per acre for development as a shopping center and on which the Reavis Barracks Shopping Center was subsequently constructed.

 The Commission's witnesses compared the value of the tract taken with that acquired for the South County Shopping Center in the vicinity of Highway 67 and Lindbergh Boulevard, approximately 6½ miles from the tract here under consideration. Appellant objected to testimony regarding sales for the South County Center tract on the grounds that the property involved was too remote from the Maroon property to afford any proper basis for a comparison having probative value. The objection was overruled and the testimony admitted. Appellant renews its objection on this appeal.

"Evidence of the sale price of property similarly located to that involved, and made in the neighborhood reasonably near the time of the taking, is admissible to aid the triers of fact in determining the compensation to which the owner is entitled for the taking of his property. Markowitz v. Kansas City, 125 Mo. 485, 28 S.W. 642; Kansas City & Grandview Railway Co. v. Haake, 331 Mo. 429, 53 S.W.2d 891, 84 A.L.R. 1477; City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853. The importance of evidence of the sale price of other land depends upon the degree of nearness of the sale in point of time and the proximity of the property, of the similarity in location, and in the use to which the property may be adaptable. In determining the admissibility of evidence of this nature there necessarily must be considerable discretion on the part of the trial judge." In re Armory Site in Kansas City, Mo.Sup., 282 S.W.2d 464, 473 (22-25). See also Jackson County v. Meyer, Mo.Sup., 356 S.W.2d 892, 894(1); State ex rel. State Highway Commission v. Bruening, Mo.Sup., 326 S.W.2d 305; Union Electric Company v. Jones, Mo.Sup., 356 S.W.2d 857, 862(10, 12); City of St. Louis v. Vasquez, Mo.Sup., 341 S.W.2d 839, 850(26-27); St. Louis, K. & N. W. Ry. Co. v. Clark, 121 Mo. 169, 25 S.W. 192, 26 L.R.A. 751; 5 Nichols on Eminent Domain, Sec. 21.31(1), pp. 446–451.

These cases speak in terms of "same general locality" (Jackson County v. Meyer, supra) and "proximity of the property" (Union Electric Company v. Jones, supra) and "in the neighborhood" (In re Armory Site in Kansas City, supra). These are all flexible terms of no fixed meaning. "It cannot be said * * * as a matter of law how large an area, in feet or blocks, constitutes a neighborhood, and no hard and fast rule can be laid down on the subject." Nichols, op. cit., p. 448. Proximity is merely one factor to be considered in determining whether or not the property is comparable to that taken in condemnation. Here appellant's evidence was that the highest and best use of the property was for a shopping center. Therefore, sales for shopping center purposes became particularly significant for

purposes of comparison. City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853, 856-7(5). Although shopping centers are becoming more and more numerous, their number is somewhat limited by the very nature of the purpose which they are designed to serve. As a result a distance which may well be too remote for the comparison of urban residential property might well not encompass more than one actual shopping center or site for such use. Appellant offered evidence of a sale 1½ miles away. The sites compared by respondent's witnesses were in the same general vicinity in St. Louis County. We would not hold the ruling of the trial court error simply on the grounds that 6½ miles was such a distance as to make the comparison devoid of probative value.

In addition to the Reavis Barracks Shopping Center transaction, appellant introduced evidence of a sale for $84,000 in June, 1961, of a 7½-acre tract, referred to as the "Miller tract," fronting on Bayless Road a short distance to the east of the subject land. One of appellant's expert witnesses testified that the Maroon tract "from a commercial standpoint * * * (was) much better, as far as location goes." Another testified that he did not consider the Miller tract comparable and rejected that transaction because the property was not commercial property. Mr. Maroon testified that the sale of the Miller tract would indicate the value of land in the area, but that it was not comparable with the Maroon tract. Appellant's witnesses who testified about the Miller tract were interrogated about the subsequent sale of residential lots from the Miller tract, but they were generally unfamiliar with such sales.

One of respondent's witnesses testified that he was familiar with the Miller tract; that approximately one acre of that tract had subsequently been plotted into eleven home sites; that the value of the residential area was $38,500 and the remaining usable 5½ acres of the Miller tract were worth $46,500, a total of $85,000. Another

of the Commission's witnesses testified that, in his opinion, a filling station site at the Reavis Barracks Shopping Center site was worth $35,000.

As to the testimony of both of respondent's witnesses, appellant objected at the trial on the grounds that the witnesses should not be permitted to express their opinions as to the value for specific purposes of a portion of property involved in a comparable sale, but must take the entire tract into consideration.

■ Condemnor's witnesses were seeking to point out the dissimilarities between the Maroon tract and the tracts involved in transactions offered by appellant as comparable. However, the "witness cannot state his opinion of the value of neighboring land. If the price at which such land was sold is in evidence and bears against his own contention, he may, within reasonable limits, point out the difference between the two lots, but he cannot state his opinion upon the effect of the differing features or upon the elements of value of the two lots. The rule is strict; if the jury is to be aided by evidence in regard to property similarly situated, it must be by facts and not by opinions." 5 Nichols, op.cit., Sec. 18.45(1), p. 270. See State ex rel. State Highway Commission v. Vorhof-Duenke Co., Mo. Sup., 366 S.W.2d 329; City of St. Louis v. Sheahan, 327 Mo. 305, 36 S.W.2d 951.

In admitting evidence of comparable sales on the issue of value, we follow what is generally known as the Massachusetts Rule. 32 C.J.S. Evidence § 593(3)a, pp. 730-731. See Annotation 118 A.L.R. 869 and 85 A.L.R.2d 112. In Massachusetts, the rule is well-established that a witness may not testify as to his opinion of the value of comparable land. In Old Colony R. Co. v. F. P. Robinson Co., 176 Mass. 387, 57 N.E. 670, evidence of the sale of a lot with a residence and stable upon it was introduced without objection in the

condemnation of a vacant lot. The court stated:

"After such testimony is before a jury without objection, there is no good reason why the party that introduced it should not be permitted to point out the difference between the two estates, for the purpose of giving the evidence its true value, if it can be done without embarrassing the case with the collateral issues. The question now before us is whether in such a case the opinion of experts may be received in regard to the effect, upon the value of the estate sold, of features wherein it differs from the estate whose value is to be ascertained, or their opinion in regard to any elements of value which enter into the price, for the purpose of aiding in applying the evidence of the sale to the issue before the jury. The rule has been held very strictly that the opinion of experts as to the value of other lands is not to be received. In Wyman v. [Lexington & W. C.] Railroad Co., 13 Metc. (Mass.) [316] 327, Mr. Justice Dewey uses language as follows: 'Evidence of mere opinion as to the value of property is to be confined exclusively to the subject in reference to which damages are claimed. If you would aid the jury by reference to other articles or other property similarly situated, the evidence in reference to such other articles or other property must be that of facts, and not opinions. It is only by reference to facts that exist respecting the property that a comparison is to be made that may aid the jury in estimating the value of the property in reference to which they are to assess damages. To allow anything beyond this would be unnecessarily sanctioning the introduction of evidence of opinions of witnesses,—evidence always somewhat objectionable in its character, and to be excluded as far as it is practicable.' This doctrine has often been recognized and reaffirmed in later cases. Rand v. Inhabitants of Newton, 6 Allen [Mass.], 38; Shattuck v. [Stoneham Branch] Railroad, 6 Allen [Mass.], 115; Phillips v. Inhabitants of Marblehead, 148 Mass. 326–328, 19

N.E. 547; Thompson v. City of Boston, 148 Mass. 387, 19 N.E. 406; Roberts v. City of Boston, 149 Mass. 346–354, 355, 21 N.E. 668; Haven v. Board of Com'rs, 155 Mass. 467, 29 N.E. 1083; Beale v. City of Boston, 166 Mass. 53, 43 N.E. 1029. It may sometimes happen, as in the present case, that the opinion of experts as to the value of some distinctive features of the property, in which it differs from the estate taken, would be helpful to a jury; but ordinarily it would be distracting to a jury to take the opinion of experts as to the value of other lands which are compared with the land in question. It would be difficult to draw a line of distinction between cases which are to be treated as exceptions, and those in which the general rule is to be applied. We are of opinion that it is unwise to introduce an exception in cases like the present, and that it is better to hold the rule absolutely, and leave the jury to judge for themselves in regard to the two estates compared, whatever differences may exist between them. Sales of other estates should not be admitted in evidence unless the similarity of these estates to that in question is such as to make the evidence helpful without aid from the testimony of experts. Differences may be pointed out to a jury, but the effect of these differences should be left to their judgment."

See also Iris v. Town of Hingham, 303 Mass. 401, 22 N.E.2d 13, 16–17(8–10); McCabe v. City of Chelsea, 265 Mass. 494, 163 N.E. 255(1, 2).

■ Here, the opinion evidence of the value of the portion of the Miller tract adaptable for residential development and of the portion of the Reavis Barracks Shopping Center adaptable for filling station use would serve to confuse the issues and to divert the minds of the jurors from the essential issues which they were to determine. In our opinion, the rule enunciated in Old Colony is salutary and should be applied in this case. Under such rule, the admission of the testimony was erroneous. That it was prejudicial to appellant

is obvious. On the Miller tract, for example, deduction of the value placed by respondent's witnesses on the residential area from the sale price gave to the balance of the usable portion of the tract a value of less than $9,000 per acre, although the sale price for the entire tract was in the vicinity of $12,000 per acre. The jury's verdict gave the Maroon tract a value of approximately $9,000 per acre.

The final assignment of error arose out of testimony by Mr. Maroon and other witnesses on behalf of appellant that, although the highest and best use of the tract was for a shopping center, it might also have been put to good use to provide additional parking area for an adjacent existing shopping center owned by appellant. One of appellant's witnesses testified that the shopping center needed additional parking. Mr. Maroon testified that the adjacent shopping center had 217 parking spaces.

One of the Commission's expert witnesses testified that during a luncheon break while the trial of the exceptions to the Commissioners' report was in progress (December 17–20, 1963), he observed the adjacent Maroon shopping center and found 41 cars parked in the parking area there provided. The witness also testified that he found no difficulty in parking there the Saturday before the trial began. Appellant's objection that testimony regarding an existing shopping center at the time of the trial was too remote and subsequent to the taking and had no bearing on the value of the property as of the date of the taking was overruled. That ruling is here challenged as erroneous.

■ Of course, appellant's witnesses opened the subject of the use of the property in conjunction with a shopping center developed subsequent to the taking. Appellant, having opened the subject, may not complain of respondent's effort to rebut its testimony in such regard. Vanneman v. W. T. Grant Co., Mo.Sup., 351 S.W.2d 729, 731(3).

■ On this appeal, appellant's objection is somewhat different from that raised in the trial court. Appellant contends that the effect of the testimony was to raise a question in the jurors' minds as to whether, had the property had a commercial use as stated, such use would be particularly needful or profitable. Appellant cannot enlarge upon the objection raised in the trial court. The question of injecting the potential profitablility of the use was not raised and an objection on such basis may not here be raised for the first time. Dyer v. Globe-Democrat Publishing Co., Mo. Sup., 378 S.W.2d 570, 582.

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.