CITY OF JOPLIN, Missouri, a municipal corporation, Plaintiff–Respondent,

v.

Rob R. FLINN and Bernarda Flinn, Trustees of the Flinn Revocable Living Trust, Defendants–Appellants.

No. 20002.

Missouri Court of Appeals, Southern District, Division One.

Jan. 24, 1996.

L. Thomas Elliston, Webb City, for defendants-appellants.

Chuck D. Brown, Wendy A. March, Joplin, for plaintiff-respondent.

GARRISON, Judge.

This is a condemnation action filed by the City of Joplin, Missouri (City) against Appellants (Defendants) in which it sought to acquire property identified as 1930 Bird. The property included a two-story home which had been in the family of Defendant Rob Flinn since 1943. A jury returned a $40,000 verdict for Defendants on the trial of their exceptions to the commissioners' award. Defendants appeal from the judgment entered on that verdict.

On this appeal, Defendants contend that the trial court erred in permitting the testimony of two of the City's witnesses because they utilized improper standards for valuing the property; in permitting testimony concerning the difference in value between the property being condemned and properties utilized as comparable sales; in permitting an expert witness to testify to a different opinion concerning the value of the property being taken than he testified to in his deposition; and in permitting the City to present evidence of value lower than the assessed valuation of the subject property.

■ One of Defendants' four points relied on is as follows:

The Trial Court erred by allowing, over the objection of Appellants, the City of Joplin to cross-examine Appellants' expert Wayne McGuire as to the witness's opinion concerning the exact value and dollar amounts of differences in comparable properties and the subject property and by allowing the City of Joplin's expert witness

Robert Hunter to testify on direct examination as to the exact dollar value of differences in comparable properties amd [sic] the subject property because Missouri follows the "Massachusetts Rule" and does not allow such evidence.

We gather from Defendants' brief that this point relates to the witness's adjustments to comparable sales in arriving at values for the subject property. For instance, when Defendants objected during the cross-examination of their expert witness McGuire, he was being interrogated about his adjustment of a comparable sale by adding $4,000 to its selling price because the subject property had more square footage. The objection was to the City "getting into any specific amount on these adjustments" because "[i]t's an opinion on an opinion when the comparable is the house to the house, not speculation as to what the adjustments would be."

Defendants rely primarily on *State v. Klipsch*, 392 S.W.2d 287, 290 (Mo.1965), in which the Missouri Supreme Court held that it was error to permit witnesses to attach values to particular portions of a larger comparable sale. The court said:

Condemnor's witnesses were seeking to point out the dissimilarities between the Maroon tract and the tracts involved in transactions offered by appellant as comparable. However, the "witness cannot state his opinion of the value of neighboring land. If the price at which such land was sold is in evidence and bears against his own contention, he may, within reasonable limits, point out the difference between the two lots, but he cannot state his opinion upon the effect of the differing features or upon the elements of value of the two lots. The rule is strict; if the jury is to be aided by evidence in regard to property similarly situated, it must be by facts and not by opinions." 5 Nichols [on Eminent Domain], Sec. 18.45(1), p. 270. [Citations omitted.]

*Id.* They also cite *Missouri Highway & Transp. Comm'n v. Menley*, 778 S.W.2d 9, 11 (Mo.App.E.D.1989), where the court said that "[f]actual differences between the comparable and taken properties is admissible al-

though opinion of their effect on value is not."

In the instant case, however, Defendants introduced the concept of adjusting comparable sales in arriving at opinions of value concerning the subject property. Mr. McGuire, on direct examination by Defendants, testified that it was acceptable practice to make such adjustments. He then repeatedly testified, without objection from the City, that he adjusted the selling price of each of five sales he considered comparable in arriving at a value for the subject property. For instance, he testified that one of the properties selected by him as a comparable sale sold for $35,500, but that after making adjustments for differences between it and the subject property, his opinion of the subject property's fair market value, based on that sale, was $43,200. While he did not testify, on direct, to the amount of each individual adjustment, he did identify the factors for which adjustments were made and attached a gross figure which incorporated and gave effect to them.

The City thereafter interrogated Mr. McGuire concerning the specifics of the adjustments about which he had already testified. The City also later called its witness, Robert Hunter, who testified that he also made adjustments to comparable sales in arriving at an opinion of value for the subject property based on such sales.

■ A party who opens up a subject is held either to be estopped from objecting to its further development or to have waived his right to do so. *Mische v. Burns*, 821 S.W.2d 117, 119 (Mo.App.W.D.1991). That principle applies here. Without deciding whether the matters complained of by Defendants under this point would have otherwise been error, we conclude that, under the facts of the instant case, there was no prejudicial error. This point is denied.

■ In another point relied on, Defendants contend that the trial court erred in overruling their "Motion to Prevent Plaintiff from Presenting Evidence or Arguing that

the Value of the Property is less than Fifty-one Thousand Eight Hundred Twenty Dollars ($51,820.00)" and allowing the City to present evidence, over their objection, that the value of the subject property was less than that amount. They contend that the City levied ad valorem taxes on the subject property based on an assessment of $51,820 and should, therefore, be estopped from contending that its fair market value was anything less than that.

By way of review, it should be noted that Defendants called the chief appraiser for the Jasper County Assessor's office as a witness. He testified that, based upon the records of the assessor's office, the assessed valuation of the subject property as of the time of taking was $51,820.[1]

The motion referred to in this point was filed and overruled prior to trial. In the motion, Defendants alleged that the assessor had appraised the real property in Jasper County at "its true value in money," which had been construed in *O'Flaherty v. State Tax Comm'n*, 698 S.W.2d 2, 3 (Mo. banc 1985), as the equivalent of "fair market value"; that they had paid ad valorem taxes based on that valuation; that it would be inequitable to permit the City to contradict or repudiate that value in this condemnation action; and prayed that the trial court prohibit the City from "introducing evidence, arguing, or in any way contending that the value of the property in question is less than" $51,820.

■ To the extent that this point relates to the overruling of the motion, it raises no issue for resolution by this court. The denial of a motion in limine is interlocutory and hence does not constitute reversible error. *Ball v. American Greetings Corp.*, 752 S.W.2d 814, 824 (Mo.App.W.D.1988). Rather, a timely objection when the evidence is offered at trial is required to preserve the matter for review. *Id.; Honey v. Barnes Hosp.*, 708 S.W.2d 686, 694 (Mo.App.E.D. 1986).

---

1. The only objection made by the City when this testimony was offered was that it invaded the province of the jury by expressing what appeared to be a valuation of the property, but it was not an actual opinion of any witness who was testifying. That objection was overruled. There was no objection that the assessment for tax purposes was irrelevant to the issue for determination.

Prior to the commencement of the City's case, Defendants' counsel stated to the trial court:

This is simply to protect my record where I don't have a procedural default, Judge. I would renew the collateral estoppel issue and move that the City not be allowed to contest or contend other than the fifty-one thousand, two eighty, or whatever it was, that the Court has already ruled on. But I'm just making my record.

The only response from the court was "[a]ll right." This amounted to nothing more than a renewal of the motion which was previously ruled.

■ In the instant case, Defendants did not object when any of the City's three experts testified that the fair market value of the subject property was $35,000. A party must object to the evidence when offered in order to preserve the issue for appellate review. *Graf v. Wire Rope Corp. of America*, 861 S.W.2d 588, 590 (Mo.App.W.D.1993). Having failed to do so in the instant case, Defendants' contention as raised in this point is without merit and is denied.

■ In another point relied on, Defendants contend that the trial court erred in permitting Robert Hunter, one of the City's experts, to testify to a "different opinion of fair market value based on different facts and data than had been revealed by [him] in his deposition...." The trial testimony referred to occurred during the direct examination of the witness, when he disclosed that he had discovered, the night before trial commenced, that some of the factual information about one of the comparable sales used by him was incorrect. In particular, he testified that the house involved in the sale was smaller and the garage was larger than he originally thought. He then said that because of the new information his adjustments from the comparable sale would have been different, with the result that his opinion of the subject property's value, based on the comparison to that one property, would have been lower. He did not testify to a different value for the subject property, however, saying only that because of the new information, his valuation would have been lower than the original amount of $34,400 based on that sale.

Defendants' counsel objected and requested that the testimony be stricken on the theory that he should have been, but was not, informed that the witness had changed his opinion after being deposed. Counsel for the City made comments to the trial court indicating that Defendants' counsel had been aware of the discrepancy in square footage, and the trial court overruled the objection, indicating that there had been no surprise.[2] Defendants' counsel confirmed in the oral argument of this case that he had discovered the discrepancies himself prior to trial.

This point is without merit for several reasons. It is based on an alleged discrepancy between deposition and trial testimony, yet none of the contents of the deposition are before us, despite the requirement of Rule 81.12[3] that the record on appeal contain all of the record, proceedings and evidence necessary to the determination of all questions presented for decision.

Additionally, Defendants rely on *Gassen v. Woy*, 785 S.W.2d 601, 604 (Mo.App.W.D. 1990), and *Green v. Fleishman*, 882 S.W.2d 219, 221–22 (Mo.App.W.D.1994), both of which acknowledge the requirement that a party intending to use an expert witness at trial must disclose the fact that the witness has changed his opinion or bases it on new or different facts from those disclosed in his deposition. In *Gassen*, however, the court went on to say:

A trial court is vested with broad discretion as to its choice of a course of action during trial when the introduction of evidence is challenged on the ground that it has not been disclosed in response to appropriate discovery. In the sound exercise of that discretion it may admit or reject

---

2. In the City's brief, counsel indicates that the attorney for Defendants had indicated, in voir dire examination, that he was aware of the factual discrepancy concerning this particular comparable sale. The voir dire examination, however, is not included in the record before us.

3. All references to rules are to Missouri Rules of Civil Procedure (1995).

such evidence or determine and impose other appropriate sanctions.

785 S.W.2d at 604. Assuming that there was a discrepancy between the trial and deposition testimony in the instant case, the trial court was not necessarily required to strike the testimony. Rather, it was a matter resting in the sound exercise of its discretion.

While the witness did testify that the new information concerning the one comparable sale would have caused him to place a lower value on the subject property, based on its comparison to that one sale, he did not in fact testify to a value different than stated in his deposition. Additionally, there is no indication that his final opinion concerning the fair market value of the subject property at the time of the taking, as contained in his trial testimony, was different than that given in his deposition. Under the circumstances of this case, we are unable to conclude that the trial court abused its discretion in not striking the testimony in question. This point is, therefore, denied.

■ Defendants' remaining point relied on is as follows:

> The Trial Court erred by failing and refusing to strike upon the request of Appellants the testimony and opinions of witnesses Edward August and Mary Davis because both witnesses used improper and incorrect standards and an improper definition for fair market value which caused their opinions of value to be irrelevant, improper, misleading, and confusing to the jury and very prejudicial to Appellants.

This point violates Rule 84.04(d), which requires that a point relied on shall state not only the actions and rulings of the court which are sought to be reviewed, but also wherein and why they are claimed to be erroneous. That rule also provides that "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

As explained in *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978):

> After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling

was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

■ In the instant case, this point relied on fails to satisfy those requirements. Certainly, it fails to comply with the *wherein* requirement of the rule. An insufficient point relied on preserves nothing for appellate review. *Bentlage v. Springgate,* 793 S.W.2d 228, 231 (Mo.App.S.D.1990).

■ Notwithstanding the deficiency in the point relied on, we are permitted to review the argument section of the brief to determine whether the trial court committed plain error affecting substantial rights that may have resulted in a manifest injustice or a miscarriage of justice. *Gill v. Farm Bureau Life Ins. Co.,* 856 S.W.2d 96, 97 (Mo.App.S.D. 1993). We have done so in the instant case and fail to find plain error requiring relief under that standard.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.