Lynd MISCHE, Appellant,

v.

Mary H. BURNS, Respondent.

No. WD 44396.

Missouri Court of Appeals,
Western District.

Dec. 24, 1991.

Glenn E. Bradford, Kansas City, for appellant.

Leland M. Shurin, Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

BERREY, Judge.

Appellant, Lynd Mische, appeals a jury verdict awarding the respondent, herein Mary Burns, $30,000 in actual damages and $15,000 in punitive damages. The law suit was tried on November 27, 28, and 29, 1990. The cause of action arose out of a motor vehicle collision occurring on November 8, 1986, wherein the appellant hit the rear of a truck stopped for a red light at 151st and 169 highway in Olathe, Johnson County, Kansas.

The first officer to arrive on the scene observed the appellant standing in the middle of the road swaying back and forth. Upon investigation, the officer conducted a field sobriety test, which the appellant failed. The appellant was transferred to the police station where a breathalyzer test was performed. The results showed appellant's blood alcohol content to be .21, over twice the legal limit in the state of Kansas.

The respondent presented evidence at trial to show she had sustained serious injuries in the accident. The injuries were to her back and neck and required ongoing physical therapy and treatment. These injuries required her to be absent from work for a period of four months.

The appellant was charged with driving under the influence. He appeared before a Kansas court and was given a diversion program. At the end of one year the case was dismissed. The unique conditions of his diversion program are worthy of note. He was required to visit his parole officer on a regular monthly basis. He was prohibited from consuming alcoholic beverages for one year. He underwent individual counseling for a period of seven or eight months, and during the last four months of the diversion program he was required to attend Alcoholics Anonymous at least once a week.

Appellant raises only one point on appeal. He alleges the trial court erred by permitting the respondent to rebut and impeach the testimony of appellant regarding his driving and drinking subsequent to the accident.

Appellant is a licensed attorney in the state of Missouri. During trial he testified he was aware, at the time of the collision, that drinking alcohol impairs one's ability to drive and substantially increases the risk of danger to others. He also testified that, as a result of the incident, he did not spend one night in jail nor did he pay any fine.

Appellant's counsel, in opening statement, argued the jury should withhold punitive damages because the appellant had been punished enough. Counsel stressed punitive damages were not necessary because the appellant had "learned his lesson" and had "gotten the message."

During the course of the trial, respondent's attorney called the appellant to testify. On cross-examination, appellant's attorney asked the appellant whether he had experienced any problems along the line of drinking and driving since the time of the collision. He also asked the appellant whether he had learned from the collision and whether he thought any further deterrent measures were required. The appellant responded he had learned his lesson and required no further punishment.

On redirect, the respondent's attorney questioned the appellant regarding his statements to defense counsel that he had not experienced any trouble with drinking and driving since the collision and that he had learned his lesson. The evidence indicates this was the first time respondent's attorney broached the topic of appellant's behavior subsequent to the collision. At this point in the trial, the appellant had himself raised the issue twice.

In response to opposing counsel's questions regarding continued problems with

alcohol, the appellant again maintained he had not had any problems "along this line" since the accident. He also stated he had learned his lesson and did not need any further deterrent measures. It was at this point, respondent's attorney called two witnesses who had investigated the appellant. The witnesses testified they had seen the appellant driving while drinking beer on two separate occasions and had also witnessed his leaving a bar and driving recklessly on his drive home.

Appellant contends the issue of drinking and driving prior to trial but after the accident, is collateral and should not have been allowed. He also contends respondent's attorney was bound by the answers of the appellant and, thus, it was error to allow the respondent to call witnesses to rebut the appellant's testimony.

In Missouri, the law holds that a party who opens up a subject is held either to be estopped from objecting to its further development or to have waived his right to object to its further development. *Watson v. Landvatter*, 517 S.W.2d 117, 122 (Mo. 1974). In *Kelley v. Hudson*, 407 S.W.2d 553, 556 (Mo.App.1966), the court stated:

> [W]henever an improper subject of inquiry has voluntarily been broached by one party, and such of its contents drawn off as serve to discredit the other or disparage his case, the relevant remainder may be examined, to the end that the sample produced may be more dependably analyzed in the light of the whole truth.

In this case, the appellant clearly opened the door to evidence regarding his drinking and driving habits, as well as to evidence regarding whether the appellant had indeed "learned his lesson." In *State v. Dunlap*, 706 S.W.2d 272, 276 (Mo.App. 1986), the court stated:

> The rule which permits rebuttal testimony in situations where the defendant has himself raised a collateral issue is fundamentally necessary, and in no way unfair to the defendant. Under a contrary rule, a defendant would be free to raise the issue of his good character, state that he had never been arrested or

in trouble, and then simply deny any questions asked on cross-examination, knowing that the state would be bound by his answers.

There was no error by the trial court in allowing this evidence.

Appellant also contends respondent was bound by the appellant's answers regarding drinking and driving and asserts the respondent's evidence regarding the drinking and driving constituted improper impeachment on a collateral matter. We disagree. Appellant argues that while a party may call a witness and ask collateral questions for the purpose of impeachment, the party is not permitted to call independent witnesses or present extrinsic proof of contrary facts. However, the law relied on by the appellant is inapplicable to this set of facts. In reviewing the cases appellant has relied on for support, it is evident the collateral matter was raised by a party for the first time on cross-examination. "Generally, a party is bound by the answer of a witness first brought out on cross-examination." *Switzer v. Switzer*, 373 S.W.2d 930, 939 (Mo.1964). However, in this case, questions regarding the appellant's drinking and driving were initially brought out by the appellant's attorney on his cross-examination. The respondent brought up this issue on redirect, after the appellant's attorney had made inquiries about his drinking and driving habits subsequent to the accident. This distinction is illustrated in *Neuhoff Bros. Packers v. Kansas City Dressed Beef Co.*, 340 S.W.2d 193 (Mo.App. 1960).

In *Neuhoff*, the plaintiff called a witness during his case in chief. The plaintiff questioned the witness on a few matters and then defense counsel cross-examined him. *Id.* at 196. While cross-examining the witness, the defendant questioned the witness on a variety of issues beyond those which the plaintiff had questioned the witness. Later, on plaintiff's redirect, the defendant objected when the plaintiff attempted to introduce evidence contradicting the witness' answers to questions asked by defense counsel. *Id.*

In affirming the jury's verdict for the plaintiff, the court stated:

Plaintiff could only be bound, if at all, by Schmidt's testimony as to matters about which plaintiff examined him. (Citations omitted). As to testimony given by Schmidt at the solicitation of defendant, he was defendant's witness and was subject to cross-examination and impeachment by plaintiff.

*Neuhoff Bros.*, 340 S.W.2d at 196.

The appellant, in this case, testified, in response to questions by respondent, that he experienced no further trouble with alcohol and driving following the accident. These questions were brought up on redirect only after the respondent's attorney raised the issues on cross-examination. As *Neuhoff* suggests, on redirect, the appellant was subject to impeachment regarding his statement that he had no further trouble with drinking and driving. For purposes of impeachment, respondent presented two witnesses with first-hand knowledge of the appellant's continued habits of drinking and driving. Allowing this evidence was within the trial court's discretion. We do not see this discretion was abused. The judgement is affirmed.

All concur.